05-6919-cr
U.S. v. Hall

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2006

(Submitted December 29, 2006

Docket No. 05-6919-cr

Decided: August 30, 2007)

_____

UNITED STATES OF AMERICA,

*Appellee*,

*-v.-*

CARL HALL,

*Defendant-Appellant.*

_____

BEFORE:          CALABRESI, RAGGI, HALL, *Circuit Judges.*

_____

Defendant appeals from an amended judgment of conviction and below-Guidelines sentence of the United States District Court for the Eastern District of New York.  Defense counsel filed an *Anders* motion to be relieved as counsel and the Government filed a motion for summary affirmance.  We affirm the district court's sentence but remand for the court to amend the written judgment to comply with 18 U.S.C. § 3553(c)(2).  We deny defense counsel's motion to be relieved as counsel without prejudice to renewal following the district court's disposition on remand; consideration of the Government's motion to affirm is deferred until renewed consideration of the motion to be relieved.

GARY G. BECKER, New York, NY, *for Defendant-Appellant Carl Hall*,

JESSICA A. MASELLA, CELESTE L. KOELEVELD, Assistant United States Attorneys (Michael J. Garcia, United States Attorney for the Southern District of New York, Boyd M. Johnson, Assistant United States Attorney, *on the brief*), New York, NY, *for Appellee*.

PER CURIAM:

After a remand for resentencing pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the district judge gave an *oral* explanation that adequately explained the below-Guidelines sentence imposed, but the court did not include a written statement of reasons for the sentence in the written order of judgment as required by 18 U.S.C. § 3553(c)(2).[1] Hall filed a notice of appeal. Assigned counsel thereafter submitted a brief pursuant to *Anders v. California*, 396 U.S. 738 (1967), seeking to be relieved as counsel. The Government, in turn, concurred that the conviction should be summarily affirmed. We affirm the sentence but remand to the district court for entry of a written statement of reasons for imposing the non-Guidelines sentence pursuant to section 3553(c)(2), and we decline counsel's motion to be relieved from representation until after the court has complied with this requirement.

---

[1]Section 3553(c)(2) provides that in cases where the sentence is "not of the kind, or is outside the range" prescribed by the Sentencing Guidelines, the district court must not only state the "specific reason for the imposition of a sentence difference from that described" in the Guidelines, but must also state such reason or reasons "with specificity in the written order of judgment and commitment, except to the extent that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32." 18 U.S.C. § 3553(c)(2).

## I. Background

After pleading guilty to racketeering and to conspiracies to commit murder and to distribute heroin and cocaine, Defendant-Appellant Carl Hall was originally sentenced to life imprisonment as required by the then-mandatory Sentencing Guidelines. Following a *Crosby* remand, defense counsel urged the sentencing court to resentence Hall to a non-Guidelines sentence substantially lower than the sentence of life imprisonment previously imposed. The sentencing judge ultimately sentenced Hall to a term of 40 years' imprisonment and gave an adequate oral explanation for imposing the non-Guidelines sentence. The judge, however, failed to include a written statement of reasons in the amended judgment. At Hall's request, defense counsel filed a Notice of Appeal in December 2005. In July 2006, Hall's attorney filed an *Anders* motion to be relieved as counsel.

Counsel's *Anders* brief noted the district court's failure to comply with the section 3553(c)(2) requirement. Counsel asserted, however, that because the court had stated the reasons for the departure orally and "since the sentence imposed was well below the Guidelines range," any error in the court's failure to articulate the reasons for the non-Guidelines sentence in the written judgment was "surely harmless." In counsel's view, it would be frivolous to claim that the district court's failure to comply with section 3553(c)(2) was not harmless. Agreeing that there were no non-frivolous issues presented for appeal, the Government moved to have the conviction summarily affirmed.

This Court has not yet decided in the context of appeals to be disposed of by *Anders* motions whether the absence of a written statement set forth in the order of judgment and commitment explaining the imposition of a non-Guideline sentence (the "statement of reasons")

3

precludes us, notwithstanding an adequate oral explanation, from granting the *Anders* motion and summarily affirming the judgment. Accordingly, we requested that the parties and an amicus curiae file supplemental briefs addressing the issue of whether this Court may grant appellate counsel's *Anders* motion under such circumstances. For the reasons that follow, we hold that in appeals subject to *Anders* motions, a written statement of reasons required by 18 U.S.C. § 3553(c)(2) must accompany the judgment of conviction, and counsel will not be permitted to withdraw pursuant to *Anders* until such statement has been made part of the record and considered as part of the *Anders* analysis.

## II. Discussion

### A. 18 U.S.C. § 3553(c)(2)

In *United States v. Goffi*, 446 F.3d 319 (2d Cir. 2006), which concerned a direct appeal of a sentence not involving an *Anders* motion, this Court stated that in cases in which oral explanations are perfectly adequate but written explanations are not provided, "it is the better course, while affirming the substance of the judgment of the district court, to return the case to the district court for the sole purpose of amending its written judgment to comply with section 3553(c)(2)." *Id.* at 322 n.2. Additionally, in *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006), we explained the reasons for our holding in *Goffi* in spite of our prior decision in *United States v. Fuller,* 426 F.3d 556, 567 (2d Cir. 2005) (holding that noncompliance with subsection 3553(c)(2) did not require a remand). As we stated in *Jones*, *Fuller* was a pre-*Booker* case in which the sentence, though a departure from the applicable guideline, was imposed under the mandatory Guidelines regime. *Jones*, 460 F.3d at 197; *see also United States v. Rattoballi*, 452 F.3d 127, 138-39 (2d Cir. 2006) (distinguishing *Fuller* as being a "departure" sentence under the

4

mandatory Guidelines, as opposed to non-Guidelines sentence outside the advisory-only Guidelines regime). In *Jones*, we concluded that reliance on *Goffi* as a basis for remanding to allow a district court to comply with the written judgment requirement of section 3553(c)(2) was appropriate after *Booker* because of the "broader discretion available to sentencing judges under the advisory Guidelines regime of *Booker." Jones*, 460 F.3d at 197. Because sentencing judges now possess this broader discretion, "it will generally be helpful to the reviewing court (and to agencies such as the Sentencing Commission and the Bureau of Prisons) to have the judge's statement of reasons for a sentence outside an applicable guideline conveniently set forth in the written order of judgment and commitment." *Id.*

In addition, we note that while a remand to the district court solely for the purpose of complying with section 3553(c)(2) will not result in any change in the conviction or sentence, the Government, the defendant, and amici in this case acknowledge that a written statement of reasons is beneficial because the Bureau of Prisons consults the written judgment of conviction, which may contain information relevant to a defendant's service of sentence. *Cf. Rita v. United States*, 127 S. Ct. 2456, 2483 (2007) (Scalia, J., concurring) (noting in reference to section 3553(c)(2) that by "ensuring that district courts give reasons for their sentences, and more specific reasons when they decline to follow the advisory Guidelines range, appellate courts . . . enable the Sentencing Commission to perform its function of revising the Guidelines to reflect the desirable sentencing practices of the district courts. And as that occurs, district courts will have less reason to depart from the Commission's recommendations, leading to more sentencing uniformity." (internal citations omitted)). That is, although we conclude from counsel's briefing that there are no other issues that merit further examination on appeal, we cannot conclude that

the absence of a written statement of reasons will not have consequences for the defendant, some of which may be negative, in his future relationship with the Bureau of Prisons as he proceeds to serve his sentence. For these reasons, where appellate counsel is seeking to demonstrate that there are no non-frivolous issues that would merit attention on appeal, counsel must confirm that the district court has provided the written statement of reasons required by section 3553(c)(2). Because we would be speculating to say that the absence of the written statement would have no effect, we must remand this case to the district court for the sole purpose of complying with section 3553(c)(2).

In requiring sentencing judges to include a statement of reasons in the written judgment under section 3553(c)(2), as we do here, we are not suggesting that judges must denote every fact discussed in the sentencing colloquy. Indeed, nothing stated in this opinion should be interpreted to "require the district court to utter any specific incantation." *Rattoballi*, 452 F.3d at 138 ("[A] simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a) should suffice . . . ." for the purposes of section 3553(c)(2)). We do not understand Congress's intent in enacting section 3553(c)(2) to have been to divert district courts' attention from conducting a thoughtful, on-the-record, face-to-face sentencing exchange with criminal defendants to obsessing over the inclusion of every material sentencing fact in a written order of judgment. We are, moreover, mindful that the circulation through the Bureau of Prisons of a detailed statement of the facts underlying some reasons can present particular concerns, as for example, when a statement references sensitive information about crime victims, the defendant, or members of his family. Thus, we reiterate that the statutory requirement for specific reasons does not necessarily require an exhaustive statement of facts.

6

Indeed, a simple summary of facts should generally suffice for purposes of Bureau of Prisons review. In conducting our own appellate review of the reasonableness of the sentence, we can, of course, look beyond the reasons stated in the written judgment to consider, as we have in this case, a district court's oral statements of reasons at sentencing as well as the full record of proceedings.

## B. *Anders* Motion

Under *Anders*, court-appointed appellate counsel may move to be relieved from his or her duties if "counsel is convinced, after conscientious investigation, that the appeal is frivolous." *United States v. Williams*, 475 F.3d 468, 478 (2d Cir. 2007) (quoting *Anders*, 386 U.S. at 741). To support an *Anders* motion, "defense counsel must supply a brief identifying by record references any issues that have at least arguable merit supported by legal authority, and explain why they are frivolous." *United States v. Arrous,* 320 F.3d 355, 358 (2d Cir. 2003). This Court will not grant an *Anders* motion unless it is satisfied that (1) "counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal," and (2) "defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." *United States v. Burnett*, 989 F.2d 100, 104 (2d Cir. 1993).

*Anders* recognizes the limited exception to indigent defendants' well-established right to the effective assistance of counsel on direct appeals from convictions. *Burnett*, 989 F.2d at 103-04 (citing *Douglas v. California,* 372 U.S. 353 (1963)). Accordingly, appellate counsel's *Anders* brief performs a dual function: it assists the appellate court in determining whether the appeal is indeed so frivolous that counsel should be permitted to withdraw and ensures that indigent

7

criminal appellants have received effective assistance of counsel in dutifully pursuing the appeal. *McCoy v. Court of Appeals of Wis.,* 486 U.S. 429, 439 (1988).

Because we have now concluded that judgments of conviction lacking a written statement of reasons for a non-Guidelines departure required by section 3553(c)(2) may be of detriment to the defendant, we cannot say with certainty that an appeal on this issue would necessarily be frivolous. While this Court found that parties may waive the section 3553(c)(2) requirement in a non-*Anders* case, *United States v. Pereira*, 465 F.3d 515, 524 (2d Cir. 2006) (holding section 3553(c)(2) issue waived where defendant's attorney stated at oral argument that if the Court found the district court's oral explanation of reasons for imposing non-Guidelines sentence sufficient, defendant waived any relief under section 3553(c)(2) to which he might otherwise have been entitled), waiver of a non-frivolous issue is inapposite in the context of an *Anders* motion.

The standard for advancing an *Anders* motion is that counsel has been unable to discern any "arguably meritorious issue[s]" in support of the client's appeal; the standard for granting an *Anders* motion is that this declaration is "in fact, legally correct." *Burnett*, 989 F.2d at 103-04. Because the premise of an *Anders* motion is that the appeal from the judgment of conviction involves no arguably meritorious, non-frivolous issues, counsel's responsibility in the *Anders* brief is to outline all possibly non-frivolous issues and address why those claims are not required to be advanced on appeal. It would be antithetical to the purposes of an *Anders* brief if counsel could identify meritorious issues that might be raised and then waive them. Allowing such a waiver would call into question the very purpose of the *Anders* motion because the resulting process would not ensure that indigent clients have received the effective assistance of

counsel on appeal, nor would it assist the appellate court in reviewing the appeal. *See McCoy,* 486 U.S. at 439. Where a reviewing court concludes that a meritorious issue remains in a case in which an *Anders* motion has been made, the remedy is for the Court to deny the motion to withdraw or grant the motion and appoint new counsel. Permitting appellate counsel to waive a meritorious issue in an *Anders* brief is not an option.

The *Anders* brief in the instant matter is satisfactory with regard to the issues it addresses. *See Arrous,* 320 F.3d at 358 (discussing what is required in *Anders* briefs). Moreover, it has identified the specific issue—the absence of the written statement of reasons—which is the subject of the first part of this opinion. Because we now make clear that in the context of an *Anders* review counsel may not waive the written statement requirement of section 3553(c)(2) even though the district court gave adequate oral explanations for the sentence, we must deny counsel's *Anders* motion at this juncture. Having counsel continue to represent his client on remand will ensure that the defendant has the benefit of counsel to review the written statement of reasons once it is filed and ensure that no meritorious issues that arise in connection with that written entry are overlooked. *See United States v. Ibrahim*, 62 F.3d 72, 74 (2d Cir. 1995) (directing *Anders* counsel to address validity of plea). Following the district court's entry on remand of the written statement of reasons, the clerk of the district court will report that entry to the clerk of this Court, and the present appeal will be reinstated. Within ten days thereof, counsel for Defendant will either withdraw his *Anders* motion and request a briefing schedule or will renew and supplement his *Anders* motion. If renewing his *Anders* motion, counsel may proceed by supplemental letter brief making reference to his original *Anders* brief and adding such further

discussion as may be necessary. This panel will retain jurisdiction of this appeal after the disposition on remand.

### III. Conclusion

We affirm the sentence imposed. We remand to the district court with instructions that it amend the written judgment to comply with 18 U.S.C. § 3553(c)(2). Hall's motion for new counsel is denied. Defense counsel's motion to be relieved as counsel is denied without prejudice to it being renewed following disposition on remand, and consideration of the government's motion to affirm the judgment is deferred until renewed consideration of the motion to be relieved.