SUMMARY ORDER

Michael McMillan appeals his sentence for racketeering, racketeering conspiracy, and conspiracy to distribute and possess with intent to distribute cocaine base (“crack”) and cocaine on the grounds that the sentence, imposed after remand pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir.2005), was procedurally and substantively unreasonable. Further, he seeks remand to allow the district court to amend its written judgment to bring it into compliance with 18 U.S.C. § 3553(e)(2).
We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
We review a district court’s sentence for procedural and substantive reasonableness. United States v. Rattoballi, 452 F.3d 127, 131-32 (2d Cir.2006). A review for reasonableness, in turn, is akin to a review for abuse of discretion. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).
A district court’s failure to calculate properly the Guidelines range constitutes procedural error. Gall, 128 S.Ct. at 597. On resentencing, a district court can rely on the Guidelines calculation from the Pre-Sentence Report (“PSR”) used at the original sentencing, so long as the parties had a full opportunity to be heard and to supplement the PSR at resentencing. United States v. Quintieri, 306 F.3d 1217, 1234 (2d Cir.2002).
The district court did not commit procedural error. Without objection, the court explicitly reaffirmed the Guideline determinations in the original PSR, noting that the Guidelines called for a life sentence.
McMillan next argues that the district court “failed to recognize the extent of its discretion in determining what would constitute a fair and reasonable sentence.” Although McMillan frames this issue as one of substantive reasonableness, his claim is procedural. See Gall, 128 S.Ct. at 597 (noting that “treating the Guidelines as mandatory” is a procedural error); United States v. Johnson, 567 F.3d 40, 51 (2d Cir.2009) (same).
The district court recognized its authority to depart from the recommended Guidelines sentence. The very fact that the court imposed a thirty-year sentence after stating (twice) that the Guidelines called for a life sentence-—coupled with the fact that the Court’s original sentence was a life sentence—clearly demonstrates that the court understood its authority to impose a non-Guidelines sentence. The district judge expressly recognized that it “has [a] wide spectrum of sentences available that go from way down in terms of incarceration up to life. The guidelines, as I have indicated, suggest a life sentence.”
McMillan contends that the court failed to comply with the “parsimony clause” in 18 U.S.C. § 3553(a), which requires “a sentence sufficient, but not greater than necessary,” to serve the objectives of sentencing. 18 U.S.C. § 3553(a); see also United States v. Habbas, 527 F.3d 266, 274 (2d Cir.2008). Specifically, the court must consider, inter alia, the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to deter criminal conduct, to protect the public, and to provide the defendant with educational training and medical care. See 18 U.S.C. § 3553(a).
The record demonstrates that the district court considered each factor seriatim *657 and therefore complied with section 3553(a).
Finally, McMillan seeks a remand “so that the District Court can be given the opportunity to comply with 18 U.S.C. § 3553(c)(2),” which requires district courts imposing non-Guidelines sentences to state their reasons for doing so “with specificity in the written order of judgment and commitment.” Remand is appropriate when the district court violates section 3553(c)(2), even though remand in these circumstances “will not result in any change in the conviction or sentence.” United States v. Hall, 499 F.3d 152, 154 (2d Cir.2007) (per curiam); see also United States v. Goffi, 446 F.3d 319, 322 n. 2 (2d Cir.2006).
The written order of judgment does not comply with this requirement. Accordingly, we remand the matter for the sole purpose of allowing the district court to amend its -written judgment to comply with section 3553(c)(2).
Finding no merit in McMillan’s remaining arguments, we hereby AFFIRM the judgment of the district court AND REMAND for the district court to amend its written judgment to comply with 18 U.S.C. § 3553(c)(2).