**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

THOMAS W. HARSH,

      Defendant-Appellant.

No. 09-8049
(D.C. No. 2:03-cr-00020-CAB-1)
(D. Wyo.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

While serving a term of supervised release that required him to abide by all

federal, state, and local laws, Defendant-Appellant Thomas W. Harsh was arrested in

Sheridan, Wyoming for aggravated assault. The district court revoked his supervised

release and sentenced him to twenty-four months' imprisonment, the maximum allowed

under the statute. Mr. Harsh appealed, and his counsel has filed a brief seeking to

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

withdraw on the ground that the appeal possesses no non-frivolous grounds to pursue.

See Anders v. California, 386 U.S. 738 (1967). We agree, and thus GRANT counsel's motion to withdraw and DISMISS the appeal.

## I.    Background

On August 8, 2003, Mr. Harsh pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to forty-six months' imprisonment, followed by three years of supervised release. One condition of his supervised release provided that Mr. Harsh would not commit another federal, state, or local crime during the term of his supervised release. See 18 U.S.C. § 3583(d).

On November 18, 2008, while on supervised release after completion of his prison sentence, Mr. Harsh was arrested in Sheridan County, Wyoming for aggravated assault. That same day, a United States Probation Officer filed a Petition for Warrant for Offender Under Supervision, alleging that Mr. Harsh violated the terms of his supervised release by committing a crime. The district court held a revocation hearing on January 15, 2009. At the hearing, Officer Spencer Kukuchka of the Sheridan Police Department testified that he responded to a 911 call outside an apartment complex in Sheridan, where he saw one male standing over another male, who was lying motionless on the ground. Officer Kukuchka identified the standing male as Mr. Harsh, and testified that he then saw Mr. Harsh kick the other man in the face. Mr. Harsh refused the officer's order to

2

get on the ground, so the officer used his Taser on Mr. Harsh to subdue him. Mr. Harsh did not testify at the hearing because of the pendency of the state charges against him.

Based primarily on Officer Kukuchka's testimony, the district court revoked Mr. Harsh's supervised release. The court delayed sentencing him at that time so he could resolve the state court matter arising from the assault. On April 10, 2009, the court held a hearing for the purpose of determining Mr. Harsh's sentence. Although the state court case had not yet been resolved, Mr. Harsh decided to testify at this proceeding. He testified that he acted only in self-defense, and that he did not kick the man in the face but merely tried to free his leg when the man grabbed it. The district court did not find his testimony to be credible, and sentenced him to twenty-four months' imprisonment, the maximum allowed by statute (although below the sentence recommended by the advisory Sentencing Guidelines). Mr. Harsh filed a notice of appeal on May 5.

## II.    Discussion

Mr. Harsh's court-appointed attorney filed an Anders brief seeking to withdraw from the appeal on the ground that there were no meritorious grounds for appeal. See United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) ("[Anders] authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous."). Mr. Harsh received a copy of this brief and responded to this court by letter, seeking another attorney and arguing that the district court erred in revoking his supervised release because he claims that he has not been convicted of any crime.

3

A month later, Mr. Harsh sent another letter to this court seeking to withdraw his appeal and hoping to refile the appeal at a later date with another attorney. "[I]t is within our discretion whether to accede to a litigant's request to terminate his appeal." United States v. DeShazer, 554 F.3d 1281, 1285 n.1 (10th Cir. 2009) (citing Fed. R. Civ. P. 42(b) ("An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." (emphasis added))). It is clear from his letter that Mr. Harsh does not actually seek to withdraw his appeal, but rather seeks to have counsel represent him in his appeal. (12/31/2009 Letter ("I would like a fair chance at this appeal and given [sic] a fair chance to refile at a later date with a lawyer that will try to help me in this legal matter.").) Our consideration of his attorney's Anders brief requires us to examine the record fully and, if the appeal presents non-frivolous issues, we will either "deny the motion to withdraw or grant the motion and appoint new counsel." United States v. Hall, 499 F.3d 152, 156 (2d Cir. 2007) (per curiam); see also Anders, 386 U.S. at 744 ("[If the court] finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel."). In either case, Mr. Harsh will have counsel to represent him if we determine meritorious issues remain in the appeal, which he still desires to have heard by this court. We therefore deny his request to withdraw the appeal and proceed to consider whether this appeal presents any non-frivolous claims.

The only argument specifically made by Mr. Harsh in the two letters he addressed to this court is that the district erred in concluding that he violated the term of his

4

supervised release that provided: "The defendant shall not commit another federal, state, or local crime." (R. Vol. I at 11.) According to Mr. Harsh, the court could not find him in violation of that term because he claims he has not been convicted in state court on the aggravated assault charge. The supervised release term, however, does not require that Mr. Harsh not be <u>convicted</u> of any federal, state, or local crime, only that he not <u>commit</u> any such crime. <u>See</u> 18 U.S.C. § 3583(d). The district court is thus authorized to revoke his supervised release if it determines, by a preponderance of the evidence, that Mr. Harsh did commit a state crime. <u>See</u> <u>id.</u> § 3583(e)(3) (authorizing revocation of supervised release if the district court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release.").

As the criminal charges against Mr. Harsh in state court would require proof of his guilt beyond a reasonable doubt as opposed to merely by a preponderance of the evidence, the district court would still be entitled to revoke his supervised release even if Mr. Harsh is ultimately acquitted of any state charges related to this matter. The Sentencing Guidelines confirm this interpretation, as they permit revocation even if the defendant was not even prosecuted for a crime. <u>See</u> U.S. Sentencing Guidelines § 7B1.1 cmt. n.1. ("A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct.") Therefore, the district court committed no error in revoking Mr. Harsh's supervised release in the absence of a state-court conviction.

5

Nor do we find fault with Mr. Harsh's sentence. Mr. Harsh was convicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), a class C felony. See 18 U.S.C. § 924(a)(2); id. § 3559(a)(3). For violating the terms of supervised release imposed as a result of the commission of a class C felony, he faced a maximum term of two years in prison. Id. § 3583(e)(3). When a defendant commits a crime of violence that results in the revocation of his supervised release, the Sentencing Guidelines classify that conduct as a Grade A violation of supervised release. U.S. Sentencing Guidelines § 7B1.1(a)(1). Mr. Harsh also has a criminal history category of VI for purposes of the Sentencing Guidelines. The Guidelines recommend a sentence between thirty-three and forty-one months for a defendant with a criminal history category of VI who commits a Grade A violation, which is over the statutory maximum of twenty-four months. Id. § 7B1.4(a). The district court thus sentenced him to twenty-four months, with credit for time he served while awaiting the revocation hearing and sentencing. A sentence of the statutory maximum that is below the advisory guideline range is presumptively reasonable. See United States v. Ivory, 532 F.3d 1095, 1107 (10th Cir. 2008) ("[A] sentence within the Guidelines range is presumptively reasonable."); United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006) (applying presumption of reasonableness to a statutory-maximum sentence "where the statutory

6

maximum is lower than a properly-calculated guidelines range"). We see no evidence in the record to rebut this presumption of reasonableness.[1]

## III. Conclusion

Having fully reviewed the record in accordance with <u>Anders</u>, we conclude that Mr. Harsh's appeal presents no non-frivolous issues. We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[1] The only possible objection to this sentence is that when the district court initially announced the sentence, it stated that Mr. Harsh's troubles dated back to "the time [he] first raped [his] sister." (R. Vol. IV at 47.) The district court was incorrect, as it was apparently Mr. Harsh's step-father who raped Mr. Harsh's sister. Any concern that this misapprehension may have caused Mr. Harsh unfair prejudice was neutralized five days later, however, when his counsel corrected the court about the matter at a subsequent hearing in this case. At that hearing, the court stated, "I will accept the fact that he didn't rape his sister," adding, "It doesn't matter . . . . I didn't sentence him for anything that had to do with that reference." (<u>Id.</u> at 99.)