10-2268-cr
United States v. Walsh

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of April, two thousand and eleven.

PRESENT:

> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> > *Circuit Judges,*
> MARK R. KRAVITZ,
> > *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

  *Appellee,*

  -v.-             No. 10-2268-cr

BRENDAN WALSH,

  *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

**FOR DEFENDANT-APPELLANT:**     Melissa A. Tuohey, Assistant Federal Public Defender (Lisa A. Peebles, Federal Public Defender, James P. Egan, *on the brief*), Office of the Federal Public Defender of the Northern District of New York, Syracuse, NY.

**FOR APPELLEE:**     Brenda K. Sannes, Assistant United States Attorney (Richard S. Hartunian, United States Attorney, Miroslav Lovric, Assistant United States Attorney, *on the brief*), United States Attorney's Office for the Northern District of New York, Syracuse, NY.

Appeal from a May 18, 2010 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.  The cause is REMANDED** to the District Court solely to permit the amendment of the judgment.

Brendan Walsh challenges the reasonableness of a 24-month term of incarceration imposed for nine violations of his conditions of supervised release, which carried an applicable sentencing range under U.S.S.G § 7B1.4 of 3 to 9 months.  Walsh contends that his sentence is unreasonable because the district court failed to justify the imposition of a sentence higher than that recommended by the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3553(c) and because the sentence's length is not commensurate with a consideration of the sentencing factors enumerated in 18 U.S.C. § 3553(a).  We assume the parties' familiarity with the facts and the procedural history on appeal.

 We review sentences for violations of supervised release—as we do all sentences—for reasonableness, which amounts to review for "abuse of discretion."  *United States v. Cavera*, 550 F.3d 180, 187, 189 (2d Cir. 2008) (in banc).  A district court has abused its discretion if it has (1) "based its ruling on an erroneous view of the law," (2) made a "clearly erroneous assessment of the evidence," or (3) "rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (citations and internal quotation marks omitted).  Because Walsh failed to object to his sentence below, our review is for plain error.  *See* Fed. R. Crim. P. 52(b).  We find plain error where (1) there is error; (2) that is plain; (3) that affects substantial rights; and (4) that affects the fairness, integrity, or public reputation of judicial proceedings.  *See, e.g., United States v. Dorvee*, 616 F.3d 174, 180 (2d Cir. 2010).

I.     *Procedural Reasonableness*

2

Pursuant to § 3553(c), a district court, at the time of sentencing, must "state in open court the reasons for its imposition of the particular sentence." If, however, the sentence imposed is outside the applicable range prescribed by the Guidelines, the sentencing court must also state "the specific reason for the imposition of a sentence different" from that prescribed by the Commission and memorialize that reason "in the written order of judgment and commitment." 18 § 3553(c)(2); *see United States v. Hall*, 499 F.3d 152, 153 n.1 (2d Cir. 2007). It is well settled that in considering a district court's compliance with § 3553(c)(2), "a court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a defendant's [probationary] term need not be as specific as has been required when courts departed from *guidelines* that were . . . considered to be mandatory." *United States v. Lewis*, 424 F.3d 239, 245 (2d Cir. 2005) (emphasis in original). As a result, we have held that where the term of incarceration was explicitly justified in relation to well-recognized sentencing objectives, an "oral explanation . . . [is] more than sufficient to inform the defendant and public of the reasons for the particular sentence and to permit our review for reasonableness." *United States v. Verkhoglyad*, 516 F.3d 122, 133 (2d Cir. 2008) (quotation marks omitted); *cf. United States v. Buissereth*, — F.3d —, 2011 WL 873143 (2d Cir. Mar. 15, 2011) (discussing failure to sufficiently articulate § 3553(a) in circumstances where defendant has signed a valid appeal wavier).

Here, as in *Verkhoglyad*, the District Court reviewed Walsh's violations of supervised release and discussed, at considerable length, the appropriateness of a penalty necessary to "deter [Walsh from] committing future violations and to . . . get [him] some help in rehabilitation in a controlled setting." Moreover, while Walsh attempted to excuse his violations, which included "failure to report," "failure to follow instructions," "failure to participate in mental health counseling" and "failure to perform community service as directed," as a consequence of being "incredibly busy" with plans for a new business venture, the District Court explained that "you don't get to choose what you have to do when." Accordingly, inasmuch as the District Court's clearly articulated a concern for the seriousness of Walsh's violations and the necessity of incarceration, we cannot say that the District Court failed to adequately justify in open court the reasons for the sentence imposed.

II.     *Substantive Reasonableness*

We also reject Walsh's claim that the District Court's imposition of a sentence at the statutory maximum was substantively unreasonable. "The Supreme Court has expressly rejected the use of mathematical formulas to gauge substantive unreasonableness." *Verkhoglyad*, 516 F.3d at 143 (citing *Gall v. United States*, 552 U.S. 38, 47 (2007). Indeed, in *United States v, Fleming*, this Court held that the imposition of a 24-month sentence on revocation of supervised release where the underlying applicable guidelines contemplated a 5 to 11 month range was not substantively unreasonable where the District Court concluded, in light of the statutory factors enumerated under

3

§ 3553(a), that the primary purpose of the sentence was punishment and deterrence in response to multiple serious violations of the defendants terms of supervised release. 397 F.3d 93, 100-01 (2d Cir. 2005). That is exactly the situation we confront here. As such, we have no trouble concluding that a 24-month sentence was not one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

*III.      Remand under § 3553(c)(2)*

Nevertheless, it appears—and both parties acknowledge—that the *written* judgment of the District Court fails to state the reasons for its departure from the Guidelines sentence as required by 18 U.S.C. § 3553(c)(2). In the past, our Court has suggested it to be the "better course" to remand such matters to the district court for a supplementation of the written record. *See, e.g., Verkhoglyad*, 516 F.3d at 134; *United States v. Goffi*, 446 F.3d 319, 322 n. 2 (2d Cir. 2006); *Jones*, 460 F.3d. at 97. We emphasize that we identify no substantive or procedural error warranting resentencing. Remand is appropriate here solely to permit the district court to amend its written judgment to satisfy the "ministerial duty to memorialize its stated reasons for sentencing as required by § 3553(c)(2)." *Verkhoglyad*, at 134.

## CONCLUSION

We have considered all of Walsh's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court, but the case is **REMANDED** for the limited purpose of allowing the district judge to amend the written judgment to satisfy the ministerial duty to memorialize the stated reasons for sentence, as required pursuant to 18 U.S.C. § 3553(c)(2).

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court