10-72-cr
United States v. Elbert

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2010

(Submitted: April 8, 2011    Decided: September 19, 2011)

Docket No. 10-72-cr

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES,

Appellee,

- v.-

VINCENT ELBERT, a.k.a. BJOHNTO90,

Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

Before:    JACOBS, Chief Judge, CABRANES, Circuit Judge, and KRAVITZ, District Judge.*

On defendant Vincent Elbert's appeal from his conviction and sentence imposed, after his guilty plea, by the United States District Court for the Southern District of New York (Rakoff, J.), counsel filed a motion with this Court pursuant to Anders v. California, 386 U.S. 738 (1967) and the government filed a motion for summary affirmance.

---

* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

The motions are granted.  Although we have previously held that, solely in the context of an <u>Anders</u> motion, failure to provide a written statement of reasons that complies with 18 U.S.C. § 3553(c)(2) always necessitates a remand to the district court, <u>United States v. Hall</u>, 499 F.3d 152 (2d Cir. 2007) (per curiam), we see no reason why the <u>Anders</u> context requires this unique treatment.  We therefore hold that, although compliance with the strictures of section 3553(c)(2) is always required, remand is not always required to remedy noncompliance.  In so ruling, we abrogate our prior holding in <u>Hall</u> only to the limited extent that it uniformly required remand in these circumstances.

HOWARD M. SIMMS, New York, New York, <u>for Appellant</u>.

DANIEL CHUNG, Assistant United States Attorney, <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York, <u>for Appellee</u>.

DENNIS JACOBS, <u>Chief Judge</u>:

On defendant Vincent Elbert's appeal from his conviction and sentence imposed, after his guilty plea, by the United States District Court for the Southern District of New York (Rakoff, <u>J.</u>), counsel filed a motion with this Court pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967)

and the government filed a motion for summary affirmance. Because there are no non-frivolous issues for appeal and remand cannot benefit the defendant in this case, we grant defense counsel's motion to be relieved and the government's motion for summary affirmance.  Our review of the record shows that the district court imposed a below-Guidelines sentence without providing a written statement that explained with "specificity," 18 U.S.C. § 3553(c)(2), the reasons for the sentence imposed.

We have previously held that, in the context of an Anders motion, failure to provide a statement of reasons that complies with section 3553(c)(2) necessitates a remand to the district court.  See United States v. Hall, 499 F.3d 152, 157 (2d Cir. 2007) (per curiam).  We have not, however, applied as rigid a requirement in the non-Anders context. See, e.g., United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006); United States v. Fuller, 426 F.3d 556, 567 (2d Cir. 2005).  We now hold that--even in the context of an Anders motion--although compliance with section 3553(c)(2) is always required, remand is not always required to remedy noncompliance.  In so holding, we abrogate our prior holding in Hall to the limited extent that it uniformly requires remand in these circumstances.

3

**BACKGROUND**

Vincent Elbert pleaded guilty to (i) one count of attempting, after a prior sex-offense conviction, to entice individuals under the age of eighteen to engage in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. §§ 2422(b) and 2426; (ii) one count of traveling in interstate commerce, after a prior sex-offense conviction, for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. §§ 2423(b) and 2426; and (iii) one count of distributing child pornography, after a prior conviction for aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1).[2]

Prior to accepting the defendant's guilty plea, the district judge conducted a hearing in full compliance with Federal Rule of Criminal Procedure 11, including confirming: that Elbert understood the nature of the charges against him, that a sufficient factual predicate supported the charges to which he was pleading guilty, that Elbert

---

[2] Before accepting the defendant's guilty plea the district court confirmed that, in 1990, Elbert was convicted, after a jury trial, in Missouri state court of sodomy and sexual abuse in the first degree.

understood the rights he was giving up by pleading guilty, and that he was satisfied with his counsel's representation. The district court also ensured that Elbert understood the statutory minimum and maximum sentences associated with each count of the indictment, including a mandatory minimum sentence of twenty years and maximum sentence of life imprisonment on count one.

The government asked the district court to sentence Elbert to a within-Guidelines sentence of 360 months' to life imprisonment. The defendant sought a below-Guidelines sentence, citing an expert psychological evaluation which detailed trauma he experienced as a child and described the impact of his military service in Vietnam. At the conclusion of a thorough sentencing hearing, the district judge concluded that Elbert "is a troubled personality" who had made "terrible mistakes," and that the mandatory minimum sentence of twenty years' imprisonment, to be followed by five years of supervised release, was "sufficient, but not greater than necessary," in light of the "nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a), to adequately address the factors set out in 18 U.S.C. § 3553(a)(2). Elbert has filed a timely notice of appeal;

his counsel has filed a motion to be relieved pursuant to Anders v. California, 386 U.S. 738 (1967); and the government has moved for summary affirmance.

**DISCUSSION**

"Not infrequently, an attorney appointed to represent an indigent defendant . . . concludes that an appeal would be frivolous and requests that the appellate court allow him to withdraw" without filing a brief on the merits. Smith v. Robbins, 528 U.S. 259, 264 (2000). The Court is then required to "safeguard against the risk of granting such requests in cases where the appeal is not actually frivolous." Id. In Anders, the Supreme Court established a "prophylactic," id. at 265, procedure: If followed, that procedure allows defense counsel to "assure the court that the indigent defendant's constitutional rights have not been violated." McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 442 (1988). At the same time, Anders recognized "that the right to appellate representation does not include a right to present frivolous arguments to the court" and that "an attorney is 'under an ethical obligation to refuse to prosecute a frivolous appeal.'" Smith, 528 U.S. at 272 (quoting McCoy, 486 U.S. at 436). A driving force behind the Supreme Court's opinion in Anders is to ensure that

6

appointed defense counsel fulfills "[h]is role as advocate." Anders, 386 U.S. at 744; see also id. at 743, 745.

A review of the record confirms the view of defense counsel that Elbert's guilty plea was "completely voluntary and knowing," United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997), and there is no non-frivolous issue available for appeal, see United States v. Ibrahim, 62 F.3d 72, 74 (2d Cir. 1995) (per curiam) (explaining that when, as here, a defendant does not challenge the validity of a guilty plea, counsel should "discuss the validity of the plea and why there are no non-frivolous issues regarding the plea on which to base an appeal"). As the district court observed, the properly calculated sentencing Guidelines prescribed a sentence of thirty years' to life imprisonment. The district court instead imposed the mandatory statutory minimum sentence of twenty years, to be followed by a term of supervised release.

At the sentencing proceeding, the district judge explicitly set forth his consideration of the factors set out in 18 U.S.C. § 3553(a). See United States v. Fleming, 397 F.3d 95, 99 (2d Cir. 2005). Counsel can raise no colorable argument that the sentence imposed is procedurally or substantively unreasonable. See United States v. Samas,

561 F.3d 108, 111 (2d Cir. 2009) ("The wording of § 3553(a) is not inconsistent with a sentencing floor."). Given this record, the risks associated with challenging either the validity of the plea or the sentence are "fairly inferable from counsel's report of the sentence and the circumstances under which it was imposed." United States v. Bygrave, 97 F.3d 708, 709 (2d Cir. 1996).

Counsel for the defendant has, in all respects, complied with his duty to "conscientiously determine[] that there is no merit to [Elbert's] appeal." Anders, 386 U.S. at 739. However, the district court's written statement of reasons for the sentence imposed, see 18 U.S.C. § 3553(c)(2), provides only that the non-Guidelines sentence was imposed for the reasons stated at the sentencing proceeding orally. Our precedent requires that the district court provide a written statement of reasons, that it include at least "a simple summary of facts" and "that in the context of an Anders review counsel may not waive the written statement requirement of section 3553(c)(2) even though the district court gave adequate oral explanations for the sentence." Hall, 499 F.3d at 155, 157.

"We readily acknowledge that a panel of our Court is bound by the decisions of prior panels until such time as

8

they are overruled either by an en banc panel of our Court or by the Supreme Court." Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58, 67 (2d Cir. 2009) (internal quotation marks omitted). In the ordinary case, it is "neither appropriate nor possible" for a panel of this Court "to reverse an existing Circuit precedent." Id. In this case, however, we have circulated this opinion to all active members of the Court, United States v. Parkes, 497 F.3d 220, 230 n.7 (2d Cir. 2007), and we now relinquish the position--previously adopted in Hall--that, in the context of an Anders motion, remand is always required when the written statement of reasons for the sentence imposed does not strictly comply with § 3553(c)(2).

As Hall points out, the requirement that the district judge provide a written statement of reasons for the sentence imposed assists in the collection of data by the Bureau of Prisons and the Sentencing Commission. Hall, 499 F.3d at 154. That is no doubt to the good. At the same time, there are anomalies: the Hall remand requirement operates only in the Anders context. Hall explicitly recognizes that "parties may waive the section 3553(c)(2) requirement in a non-Anders case." Id. at 156. So, a lawyer who advances appellate arguments (however thin) on

9

behalf of a client does not necessarily open to scrutiny the issue of compliance with § 3553(c)(2). Moreover, Hall may sometimes have the effect of requiring defense counsel to urge this Court to remand when a remand would be of no benefit for the client. This casts the defense lawyer in a role other than that of advocate representing the interests of the client. True, lawyers appointed under the Criminal Justice Act, like all others, are officers of the court; but the remand required by Hall is not one that benefits the courts. Rather, we are setting the lawyer to work for the Bureau of Prisons and the Sentencing Commission, and doing a futile job of it in any event. We are convinced that the bright line rule established in Hall may undermine, rather than serve, the goals of vigorous representation described in Anders. We therefore abrogate the holding of Hall to the extent--but only to the extent--that it uniformly requires remand when the district court fails to provide a written statement of reasons or when that statement fails to "state[] with specificity" the reasons for the sentence imposed. 18 U.S.C. § 3553(c)(2).

As Hall warns, it may be speculative "to say that the absence of the written statement would have no effect." 499 F.3d at 155. But, the fact that there may be cases where

the absence of a written statement could have an effect does not justify the bright line rule; there are other cases in which it is quite clear that the absence of a written statement could not raise a non-frivolous appellate issue. It is hardly speculative to conclude that a remand in this case to require the district court to set down the reasons for a properly imposed, below-Guidelines sentence can confer no benefit on this criminal defendant, who has been sentenced to the statutory minimum.

It would be speculative, however, to say that there is no circumstance in which remand for a written statement of reasons will elicit from the district judge observations that are detrimental to a defendant. Quite apart from any facts presented by this case, a sentence might be influenced by cooperation with the authorities, or other things the defendant would not want memorialized in a written judgment. See id. (observing that "circulation through the Bureau of Prisons of a detailed statement of the facts underlying some reasons can present particular concerns, as for example when a statement references sensitive information about crime victims, the defendant, or members of his family"); United States v. Verkhoglyad, 516 F.3d 122, 134 n.9 (2d Cir. 2008). Requiring a defendant's lawyer to elicit such information goes against the grain of advocacy.

11

All these things considered, it does seem a waste of public funds that Congress appropriated for the defense of those accused and convicted to require a lawyer to perform a role and task that cannot benefit the client.  A lawyer should not be compelled to perform if there is no appellate argument to make.  At the same time, it is important to acknowledge that if, in a given case, the absence of a written statement of reasons (or the content of that statement) provides an "arguable" basis for appeal, the Anders motion should be denied.  Anders, 386 U.S. at 744.

The principle in non-Anders cases is that it is the better course--though not required--to remand when the district court does not strictly comply with 18 U.S.C. § 3553(c)(2).  E.g., Jones, 460 F.3d at 197; Fuller, 426 F.3d at 567; see also, e.g., United States v. Daychild, 357 F.3d 1082, 1107 (9th Cir. 2004).  So, a lawyer with any appellate argument to make may "waive[] any claim for relief on the basis of deficiencies in the district court's written explanation" of the sentence.  United States v. Pereira, 465 F.3d 515, 524 (2d Cir. 2006).

Nothing about the context of an Anders motion should forbid waiver, except that in the Anders context, our independent review of the record brings non-compliance to our attention.  But, a lawyer, acting as an advocate for a

12

client and as an officer of the court, should make an independent judgment as to whether deficiencies in a written statement of reasons presents a non-frivolous appellate issue.  And, this Court, in reviewing the <u>Anders</u> motion, will determine whether counsel's assessment of an issue "is, in fact, legally correct."  <u>United States v. Whitley</u>, 503 F.3d 74, 76 (2d Cir. 2007) (per curiam) (internal quotation marks omitted).  This process will adequately safeguard a defendant's "Sixth Amendment right to representation by competent counsel."  <u>McCoy</u>, 486 U.S. at 436 (observing that the Sixth Amendment right to competent representation is retained on appeal).  At the same time, it will ensure that counsel's role is not misdirected by the advancement of frivolous arguments or by advocacy of measures that do not serve the client, and that "the energies of the court or the opposing party," <u>id.</u>, are not spent on cases in which an <u>Anders</u> motion should properly be granted.

**CONCLUSION**

For the foregoing reasons, we grant defense counsel's motion to be relieved as counsel pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).  We also grant the government's motion for summary affirmance of this appeal.

13