09-0020-cr
United States v. Cifonelli

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
> AMALYA L. KEARSE,
> PIERRE N. LEVAL,
> DENNY CHIN,
> > Circuit Judges.

- - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> Appellee,

> -v.-                                                    09-0020-cr

DANIEL CIFONELLI,
> Defendant-Appellant.

- - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:       ALAN M. NELSON, Lake Success, New York.

FOR APPELLEE:                  BURTON T. RYAN, JR., Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, on the brief), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, J.) entered

December 22, 2008, convicting Daniel Cifonelli of one count of attempt to evade income tax and sentencing him to thirty months' imprisonment, three years' supervised release, and restitution in the amount of $59,272.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

We assume the parties' familiarity with the facts and procedural history of the case, which we summarize as follows:

On April 17, 2006, Cifonelli pled guilty to a single count of attempted tax evasion in violation of 26 U.S.C. § 7201. Following a Fatico hearing on September 6, 2006, the district court determined that Cifonelli's Guideline range was 18 to 24 months. The court then sentenced Cifonelli to an above-Guideline sentence of 30 months' imprisonment with 3 years' supervised release and restitution in the amount of $59,272.

On April 6, 2007, Cifonelli moved for relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel because his former attorney failed to file a notice of appeal, object to the above-Guideline sentence, and contest the amount of restitution. By order dated November 24, 2008, the district court granted the motion with respect to the failure to file a notice of appeal, but rejected Cifonelli's arguments regarding the sentence and amount of restitution. It accordingly vacated its original judgment and entered an amended judgment on November 24, 2008, with identical terms to allow for Cifonelli to file an appeal. The court then entered an identical second amended

-2-

judgment on December 22, 2008 to allow Cifonelli additional time to file an appeal. Cifonelli appeals from this second amended judgment.

Cifonelli filed a notice of appeal on January 5, 2009. He then filed a motion in the district court on July 16, 2009 to vacate the restitution order and to modify his prison term. This Court issued a mandate on January 4, 2010, dismissing Cifonelli's appeal for lack of prosecution.[1] On January 5, 2010, the district court held a hearing regarding Cifonelli's motion to amend or correct its sentence and restitution order. The court noted that Cifonelli's appeal had been dismissed, restoring jurisdiction to the district court, but concluded that it did not have the authority to modify Cifonelli's sentence or restitution order under 18 U.S.C. § 3582(c) or Fed. R. Crim. P. 35(a) and 36 because the window for correcting "clear error" had passed and the requested changes were not "clerical." The court also stated that even if it did retain such authority, it would decline to modify the judgment. On March 16, 2011, this Court granted Cifonelli's motion to recall its mandate and reinstate the appeal.

On appeal, Cifonelli argues that the district court erred by: (1) ordering restitution in an amount greater than that agreed upon in his plea agreement; (2) imposing a procedurally unreasonable sentence that failed to determine the correct amount

---

[1] Cifonelli's second attorney had been suspended from practicing in this Court, and as a result, never filed any opening brief.

of restitution or memorialize in writing the reasons for imposing a sentence above the Guideline range; and (3) imposing a substantively unreasonable above-Guideline sentence of 30 months' imprisonment. We address each argument in turn.

1. **Improper Restitution Amount**

Cifonelli claims that the amount of restitution was improper because it exceeded the amount agreed upon in his plea agreement by not accounting for money already paid to the Internal Revenue Service ("IRS") in an amended tax return filed for 2002.

For violations of 26 U.S.C. § 7201, the district court had no authority to impose restitution except pursuant to 18 U.S.C. § 3663(a)(3), which allows restitution to be ordered "to the extent agreed to by the parties in a plea agreement." In pertinent part, Cifonelli's plea agreement provided:

> Restitution: An amount to be set by the Court, which is not greater than the dollar amount of the total losses suffered by the victims of the offense. The parties agree that restitution with respect to the defendant's back taxes, penalties and interest may also be ordered by the Court.

(Plea Agreement at 2).

Thus, the plea agreement provided for restitution in an amount not greater than "the total losses suffered by the victims of the offense," and here, the losses were the "back taxes, penalties and interest" Cifonelli owed for the 2002 tax year. The plea agreement did not, however, specify the amount. At Cifonelli's first sentencing proceeding in 2006, the district

court imposed restitution in the amount of $59,272, relying upon the probation officer's report of the amount of Cifonelli's 2002 tax liability, as told to the probation officer by IRS agents. Although Cifonelli objected in a September 19, 2007 pro se submission supporting his § 2255 application that he "had filed amended tax returns and remitted any and all taxes due for the year 2002," Letter of Pet'r at 3, Cifonelli v. United States, No. 07 Civ. 1816 (E.D.N.Y. Sept. 19, 2007), he has not, either in the district court or in this Court, ever pointed to any evidence supporting his contention.

Given his failure to provide any support for his objection to the figure provided to the court by the IRS, we see no error in the district court's reliance on that figure to determine the amount of his tax liability, which is the amount of restitution to which he consented in the plea agreement. Cifonelli is wrong to suggest that the district court had no authority to impose restitution in a specified amount to which he did not agree. The plea agreement did not require that he consent to a specific amount, only that the amount ordered not exceed his 2002 tax liability. The district court imposed restitution in the amount of Cifonelli's 2002 tax liability in reasonable reliance on a figure provided by the IRS, and Cifonelli submitted nothing except his naked objection to contravene this figure. His argument has no validity.

## 2. **Procedural Unreasonableness**

Cifonelli next contends that his sentence was procedurally unreasonable because the district court incorrectly calculated the amount of restitution, and further, it failed to state with specificity in writing its reasons for imposing an above-Guideline sentence pursuant to 18 U.S.C. § 3553(c)(2).

First, with respect to the calculation of restitution, for the reasons set forth above, we conclude that the district court did not commit any error.

Second, as to the issue of written memorialization of the district court's reasons for imposing an above-Guideline sentence, Cifonelli's claim fails. The district court complied with the requirements of § 3553(c)(2) and set forth its reasons for an above-Guideline sentence in a Statement of Reasons filed in connection with the December 22, 2008 judgment. Although the district court's written reasons were somewhat cursory, it had provided a thorough explanation on the record of its rationale for departing from the Guideline range. See United States v. Hall, 499 F.3d 152, 155 (2d Cir. 2007) (holding that an "exhaustive statement of facts" is not required and explaining that "[w]e do not understand Congress's intent in enacting section 3553(c)(2) to have been to divert district courts' attention from conducting a thoughtful, on-the-record, face-to-face sentencing exchange with criminal defendants to obsessing over the inclusion of every material sentencing fact in a written order of judgment"), abrogated on other grounds by

United States v. Elbert, 658 F.3d 220 (2d Cir. 2011). Thus, there was no procedural error.

### 3. **Substantive Unreasonableness**

Cifonelli also contends that his sentence was substantively unreasonable because it was six months above the high end of the applicable Guideline range of 18 to 24 months. Further, he asserts that the district court failed to consider his age, poor health, remorse, and efforts to correctly amend his taxes, and instead, focused on his state criminal charges and its belief that he would receive no additional incarceration as a result of his state charges.

In examining a sentence for substantive reasonableness, we review it under a "'deferential abuse-of-discretion standard.'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)).

Here, we conclude that the district court did not abuse its discretion in imposing an above-Guideline sentence of 30 months. In light of all the factors articulated by the district court, including, in particular, Cifonelli's position as a prominent school district official and the nature and extensiveness of the relevant criminal conduct in that it involved theft from the school district and tax evasion, and that it persisted for four years, the sentence imposed was reasonable and appropriate.

Moreover, Cifonelli's assertion that the district court failed to account for his poor health and old age is misplaced,

as the court weighed Cifonelli's health among the factors it discussed, and ultimately, recommended that Cifonelli serve his sentence in a correctional facility that defense counsel requested because of its good medical care.

Finally, we reject Cifonelli's argument that the district court failed to consider the fact that because he was released on bail pending his federal appeal while still serving his concurrent state prison sentence, upon returning to federal prison, he will have served more than 30 months' total incarceration for his federal and state crimes. First, Cifonelli did not raise this argument until his motion to amend or correct his sentence, well after the district court issued the judgment from which he now appeals, i.e., at a point at which the district court did not have jurisdiction to modify the term of imprisonment. Second, as the district court explained at the time, it did not intend for its sentence to run concurrently with the later-imposed state sentence. At the original sentencing, the district court only took note of the fact that the state court had apparently promised to impose a sentence that would run concurrently with the federal sentence and that "[Cifonelli] [was] not likely to experience any punitive measures" at the state level. (Sentencing Tr. 73, Sept. 6, 2006).

Therefore, the district court's determination to impose an above-Guideline sentence of 30 months was not "exceptional" and fell "within the range of permissible decisions." Cavera, 550 F.3d at 189 (internal citation and quotation marks omitted).

## **CONCLUSION**

We have considered appellant's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED** in its entirety.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK