09-3491-cr(L)
United States v. Marrero (Mitchell)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand and eleven.

Present:
JOSEPH M. McLAUGHLIN,
GUIDO CALABRESI,
PETER W. HALL,
       *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                Nos. 09-3491-cr(L), 09-3872-cr(Con),
                                         09-4807-cr(Con), 09-5197-cr(Con),
                                         09-5083-cr(Con)

JASON MITCHELL, DENNIS LEWIS, SEAN GILKES, NATHANIEL SLATER, JEFFREY MARTINEZ, ORONDE FORDE, NELSON MARTINEZ,

    *Defendants-Appellants*.[1]

---

[1] We resolve the appeals of Defendants-Appellants Sean Gilkes and Oronde Forde in a separately issued order filed today.

FOR APPELLEE:              JOHN J. O'DONNELL, Assistant United States Attorney (Andrew L. Fish and Michael D. Lockard, Assistant United States Attorneys, *of counsel*), *for* Preet Bharara, United States Attorney, Southern District of New York, New York, NY.

FOR APPELLANTS:       JESSE M. SIEGEL, New York, NY (*for Defendant-Appellant* James Mitchell); IRVING COHEN (Jonathan I. Edelstein, *of counsel*), New York, NY (*for Defendant-Appellant* Dennis Lewis); NATHANIEL SLATER, *pro se*, Fairton, NJ; ANTHONY L. RICCO (Steven Z. Legon, *on the brief*), New York, NY (*for Defendant-Appellant* Jeffrey Martinez); LAWRENCE H. SCHOENBACH, Law Offices of Lawrence H. Schoenbach, New York, NY (*for Defendant-Appellant* Nelson Martinez).

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the orders and judgments of the District Court be and hereby are **AFFIRMED**. However, with respect to Jeffrey Martinez, Nelson Martinez, and Nathaniel Slater, those defendants' cases are **REMANDED** so that the district court may (a) pursuant to its authority under Fed. R. Crim. P. 36, enter an amended judgment in each defendant's case that is consistent with its oral judgment, and (b) as required by 18 U.S.C. § 3553(c)(2), satisfy its ministerial duty to memorialize its stated reasons for imposing a non-Guidelines sentence as to each defendant; and, with respect to Dennis Lewis, his appeal is also **REMANDED** so that the district court may memorialize its stated reasons for imposing a non-Guidelines sentence, as required by 18 U.S.C. § 3553(c)(2).

Defendants-Appellants Nathaniel Slater, Jeffrey Martinez, and Nelson Martinez appeal from orders entered on November 16, 2009, December 7, 2009, and December 8, 2009, respectively, following remand for resentencing pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007); Defendant-Appellant James Mitchell appeals from an order entered on August 7,

2009, in which the district court denied its *sua sponte* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2); and Defendant-Appellant Dennis Lewis appeals from a judgment of conviction entered on August 11, 2009 based on his violation of the conditions of his supervised release. Nathaniel Slater, Jeffrey Martinez, and Nelson Martinez challenge, *inter alia*, the procedural and substantive reasonableness of their sentences following remand; James Mitchell asserts that the district court erred in determining that he was ineligible for a sentence reduction under § 3582(c)(2); and Dennis Lewis challenges the procedural and substantive reasonableness of his sentence based on his violation of supervised release. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

I.      Jeffrey Martinez, Nelson Martinez, and Nathaniel Slater

"We review sentences for abuse of discretion, a standard that 'incorporates *de novo* review of questions of law (including interpretation of the [Sentencing] Guidelines) and clear-error review of questions of fact.'" *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)). In applying this standard to sentencing appeals, we are constrained to review for reasonableness, *Gall v. United States*, 552 U.S. 38, 46 (2007), which "encompasses two components: procedural review and substantive review," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court "commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, [] treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190 (internal citations omitted). If we find that there was no procedural error, we then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."

*Gall*, 552 U.S. at 51. In so doing, we must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantage of district courts." *Cavera*, 550 F.3d at 190.

Jeffrey Martinez, Nelson Martinez, and Nathaniel Slater challenge the procedural reasonableness of their sentences on grounds that, in calculating their base offense levels under the Guidelines, the district court overestimated the amount of crack cocaine for which they were each responsible because it credited them with drugs sold or distributed by their co-conspirators. The district court determined on remand that under U.S.S.G. § 2D1.1(c)(1), as amended, the applicable base offense level for each Defendant was 38 because the amount of crack cocaine involved in the underlying conspiracy was at least 4.5 kilograms. This was not error. *See United States v. Richard*, 302 F.3d 58, 70 (2d Cir. 2002) ("[A] district court's drug quantity finding . . . will not be disturbed unless it is clearly erroneous.") (internal quotations omitted). Putting aside the conduct of any co-conspirators, evidence at trial showed that from 2002 to 2004, Jeffrey and Nelson Martinez personally distributed crack cocaine every two to five days in amounts ranging from ten to 300 grams, and purchased bulk quantities of crack cocaine which totaled nearly 1.5 kilograms. In addition, other evidence showed that from 1997 to 2000, Nathaniel Slater sold as much as 200 grams of crack cocaine per day. We have no difficulty concluding that on this evidence, each of the three defendants was personally responsible for more than 4.5 kilograms of crack cocaine.

Additionally, we have consistently held that where a defendant is convicted for a "jointly undertaken criminal activity," he "may be held responsible for all reasonably foreseeable acts of others in furtherance of the conspiracy." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)

(internal quotations omitted).  Here, there was ample evidence that, as early as 1994, the three defendants, in combination with other co-conspirators, joined forces to open up crack cocaine distribution at the Mitchel Houses, and it was not clearly erroneous for the district court—which had presided over the criminal proceedings for many of the co-conspirators and was intimately familiar with the workings of the drug distribution organization—to conclude that it was reasonably foreseeable to the three defendants that the amount of crack cocaine involved in the conspiracy exceeded 4.5 kilograms.  *See id.* ("The defendant need not have actual knowledge of the exact quantity of narcotics involved in the entire conspiracy; . . . the question is whether the conspiracy-wide quantity was within the scope of the criminal activity the defendant agreed to and whether the activity in question was foreseeable to the defendant.").  Indeed, we agree with the sentencing court that the evidence was sufficient to find that the conspiracy involved at least 150 kilograms of crack cocaine and that this quantity of crack cocaine was reasonably foreseeable to Jeffrey Martinez, Nelson Martinez, and Nathaniel Slater.  Finally, we reject Jeffrey Martinez's argument that the district court failed to account for the fact that he was imprisoned from 1997 to 2000; much of the evidence the district court relied on in calculating the drug quantity concerned Jeffrey's actions from 2002 to 2004—well after he was released from prison.

The three defendants also challenge the substantive reasonableness of their sentences, asserting that the district court failed to give adequate consideration to the crack-to-powder cocaine disparity, and did not account for the differences between their sentences and those of co-defendants who pled guilty.  We reject both of these arguments.  First, far from misunderstanding the scope of its authority to deviate from the crack guidelines based on a

-5-

substantive policy disagreement, the record shows that the district court thoroughly considered the crack-to-powder cocaine disparity, but concluded that any deviation was unnecessary because, even if it assessed the quantity of crack cocaine at a one-to-one ratio to powder cocaine, the Guidelines range would be the same given the amount of drugs involved in the conspiracy. Second, that the three defendants' sentences were substantially longer than those of their co-defendants who pled guilty does not make their sentences unreasonable. Although district courts must consider at sentencing "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6); *see also United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008) ("We have held that section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does *not* require a district court to consider disparities among co-defendants.") (emphasis added), the three defendants were not similarly situated to the co-conspirators they identify, since those defendants who pled guilty did so pursuant to plea agreements which dramatically reduced their Guidelines exposure. Finally, we reject as meritless all of Nathaniel Slater's other arguments, except that to the extent he advances an ineffective assistance claim, we reject that claim without prejudice to his raising it in a subsequent 28 U.S.C. § 2255 motion. *See United States v. Khedr*, 343 F.3d 96, 99 (2d Cir. 2003) (noting our "baseline aversion to resolving ineffectiveness claims on direct review").

Although we do not identify any procedural or substantive error with the defendants' sentences, we identify two ministerial errors which warrant remand. First, although the district court properly resentenced the defendants in accordance with our *Kimbrough* remand, in each defendant's case the court entered an order granting a 18 U.S.C. § 3582(c)(2) motion, when it

should have entered an amended judgment.[2]  Second, in each defendant's case, the district court imposed a sentence on remand below the applicable 360-month to life Sentencing Guidelines range.  Consistent with 18 U.S.C. § 3553(c)(2), therefore, the court was required to prepare a written statement setting forth its reasons for imposing a non-Guidelines sentence.  *See United States v. Hall*, 499 F.3d 152, 154-55 (2d Cir. 2007).  While we find no fault with the court's stated rationale at resentencing for varying from the applicable Guidelines range, we have recognized that "a written statement of reasons is beneficial because the Bureau of Prisons consults the written judgment of conviction, which may contain information relevant to defendant's service of sentence."  *Id.*  Accordingly, we remand Jeffrey Martinez's, Nelson Martinez's, and Nathaniel Slater's cases for the limited purpose of allowing the district court to enter an amended judgment in each defendant's case, pursuant to its authority under Fed. R. Crim. P. 36, that is consistent with its oral ruling, *see United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995), and to satisfy its ministerial duty to memorialize the stated reasons for the sentence of each defendant, as required by 18 U.S.C. § 3553(c)(2).

II.    James Mitchell

Under 18 U.S.C. § 3582(c)(2), a defendant whose original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduced sentence.  Amendment 706 to the Sentencing Guidelines, which was made retroactive by Amendment 716, reduced by two levels the offense levels under U.S.S.G. § 2D1.1

---

[2] It appears that Jeffrey Martinez did file a 18 U.S.C. § 3582(c)(2) motion incident with his resentencing proceedings, but this is beside the point.  Because our prior order remanded Jeffrey Martinez's, Nelson Martinez's, and Nathaniel Slater's cases under *Kimbrough*, the district court was required to enter an amended judgment following resentencing.

applicable to crack cocaine offenses.  Here, the district court denied its *sua sponte* motion for a sentence reduction under § 3582(c)(2) because Mitchell was sentenced as a career offender under U.S.S.G. § 4B1.1, not pursuant to the crack cocaine Guidelines under U.S.S.G. § 2D1.1. We review *de novo* the district court's determination as to whether a defendant is statutorily eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), *see United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009), and conclude that the district court correctly denied Mitchell's motion.

Although Mitchell concedes that he was properly designated a career offender, he suggests that the district court "factored in the crack cocaine issue as part of its analysis" at sentencing.  That the district court made general references to the length of drug offense sentences during its discussion of the 18 U.S.C. § 3553(a) factors, or that Mitchell was convicted of a crack cocaine offense, does not alter the fact that the court calculated Mitchell's sentence based on U.S.S.G. § 4B1.1, not § 2D1.1  *See United States v. Martinez*, 572 F.3d 82, 85 (2d Cir. 2009) ("The fact that, but for his career offender designation, Martinez's sentence would have been based on the now-amended crack cocaine guideline is of no relevance for purposes of a sentence reduction.").  Moreover, Mitchell's attempt to analogize his case to *United States v. McGee*, 533 F.3d 225, 227 (2d Cir. 2009), is unavailing.  There, the district court calculated the Guidelines range based on § 4B1.1, but then granted a downward departure and recalculated the applicable range using § 2D1.1 as the base offense level.  *See id.* at 226-27.  Here, by contrast, the district court relied exclusively on § 4B1.1, and made no mention of § 2D1.1.  Accordingly, Mitchell's sentence was not "based on" a sentencing range that has been subsequently lowered by the Sentencing Commission.

III.    Dennis Lewis

We review for reasonableness a sentence imposed for a violation of supervised release. *See United States v. Gonzalez*, 529 F.3d 94, 97 (2d Cir. 2008).  Chapter Seven of the Sentencing Guidelines includes policy statements which set forth recommended ranges of imprisonment for supervised release violations based on the severity of the violation and a defendant's criminal history category.  *See* U.S.S.G. § 7B1.4.  "Although a district court, in sentencing a defendant for a violation of supervised release, is directed to consider the[se] non-binding policy statements . . . , the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum."  *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997) (internal quotations omitted); *accord United States v. Hargrove*, 497 F.3d 256, 259 (2d Cir. 2009).  Moreover, "[b]ecause Chapter Seven policy statements are merely advisory . . . [,] the district court need not make the explicit, detailed findings required when it departs upward from a . . . guideline."  *Pelensky*, 129 F.3d at 69 (internal quotations and citations omitted).  Indeed, "[i]n imposing a sentence for violation of supervised release, the sentencing judge may freely impose a term lower or higher than the recommended Guidelines range."  *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005).

Lewis argues that his 42-month sentence—five months above the advisory 30 to 37 month policy statement—is procedurally and substantively unreasonable.  We disagree.  Based on our review of the record, we find no error with the district court's determination that a sentence above the 30-37 month range was necessary to satisfy the 18 U.S.C. § 3553(a) factors—in particular, to account for the effect of Lewis's supervised release violations on his continuing cooperation agreement with the Government and the Government's credibility with

respect to Lewis and other cooperators. Moreover, we reject Lewis's contention that the sentencing court gave inadequate consideration to the Chapter Seven policy statements. The record indicates that the district court calculated the applicable Guidelines range and determined that a sentence five months above that range was appropriate; this was not error. Nevertheless, although we do not identify any procedural error with Lewis's sentence, we remand his case to the district court so that it may memorialize its reasons for imposing a sentence above the 30 to 37 month policy statement range under U.S.S.G. § 7B1.4, consistent with 18 U.S.C. § 3553(c)(2). *See United States v. Verkhoglyad*, 516 F.3d 122, 133-34 (2d Cir. 2008).

The judgments and orders are **AFFIRMED**, but Jeffrey Martinez's, Nelson Martinez's, Nathaniel Slater's, and Dennis Lewis's cases are **REMANDED** for the reasons stated above.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK