11-4862-cr
*United States v. Phillip*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand and twelve.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> PETER W. HALL,
>
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>  *Appellee,*

> v.                                                                  No. 11-4862-cr

SHARRON KIMBERLY PHILLIP,

>  *Defendant-Appellant,*

MARGIE BRYANT,

>  *Defendant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Susan Corkery, Douglas M. Pravda (Assistant United States Attorneys), *for* Loretta E. Lynch, |

United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: Edward S. Zas (Of Counsel), *for* Federal Defenders of New York, New York, NY.

Appeal from a judgment of conviction and imposition of sentence entered on November 17, 2011, by the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**, and the case is **REMANDED** for the limited purpose of allowing the District Court to amend the written judgment to satisfy the ministerial duty to memorialize its stated reasons for imposing sentence, as required by 18 U.S.C. § 3553(c)(2).

This appeal follows numerous convictions of defendant-appellant Sharron Kimberly Phillip ("Phillip"). We assume the parties' familiarity with the facts and procedural history of this case.

On September 14, 2005, Phillip pleaded guilty to cashing approximately $128,000 in false checks, in violation of 18 U.S.C. § 666(a)(1)(A), while she was the Executive Director of Prospect Home Care, an organization that contracted to provide home care to elderly residents on Medicaid in New York City. The Guidelines range for Phillip's conduct was 18 to 24 months. At her first sentencing hearing, on July 26, 2006, before the District Court, Phillip received a below-Guidelines sentence of four years of probation and payment of $128,854.26 in restitution. Prior to the imposition of sentence, Phillip represented to Judge Glasser that she had an active nursing license and was working as a licensed practical nurse.

It was subsequently discovered that Phillip was neither a licensed practical nurse nor had she ever received any training as a nurse. Rather, she had stolen the identifying information of a registered nurse to acquire a fraudulent license, which she then used to work as a nurse from January 2005 to October 2009, performing a variety of tasks–including treating wounds and administering injections–for which she was not trained.

Phillip was arrested in connection with this conduct on October 22, 2009 and charged with three New York state violations: (1) Grand larceny in the second degree, in violation of New York Penal Law § 155.40; (2) Identity theft in the first degree, in violation of New York Penal Law § 190.80(3); and (3) Unauthorized practice of a profession, in violation of New York Education Law § 6512(1). Phillip pleaded guilty, in the Supreme Court of the State of New York, Richmond County,

to the unauthorized practice of a profession charge and received a sentence of 24 months in state custody.

In federal court, Phillip was charged with violating her probation by committing the three crimes for which she faced state charges, and for failing to make restitution payments. As in state court, she pleaded guilty to the unauthorized practice charge, in satisfaction of all outstanding charges. Prior to Phillip's second federal sentencing, a report of the U.S. Probation Office was prepared which advised Judge Glasser that the advisory custody term for the unauthorized practice of a profession was four to ten months' imprisonment. At the sentencing hearing, on November 10, 2011, Judge Glasser considered a number of factors on the record: (1) that Phillip had been committing the "more serious crime" of falsely practicing as a licensed nurse, even while awaiting her original federal sentence in 2006; (2) that the 24 month state court sentence was "remarkably lenient"; (3) that in violating the terms of her probation, Phillip had committed identity theft, effectively stole $50,000 in salary, and had "[e]ndanger[ed] lives" by falsely practicing as a licensed nurse; and (4) that Phillip had not paid restitution as required under her federal probation term. Judge Glasser ultimately imposed an above-Guidelines sentence of 18 months' imprisonment on Phillip, along with a further three years' supervised release. This appeal followed.

**A.**

We review sentences for violations of probation or supervised release for reasonableness, which amounts to a deferential abuse-of-discretion standard. *See United States v. Verkhoglyad*, 516 F.3d 122, 127, 130 (2d Cir. 2008) (supervised release); *United States v. Goffi*, 446 F.3d 319, 321 (2d Cir. 2006) (probation); *see generally United States v. Cavera*, 550 F.3d 180, 187, 189 (2d Cir. 2008) (en banc). A district court abuses its discretion if it has (1) "based its ruling on an erroneous view of the law," (2) made a "clearly erroneous assessment of the evidence," or (3) "rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (citations and internal quotation marks omitted). "This standard applies both to the substantive reasonableness of the sentence itself and to the procedures employed in arriving at the sentence." *United States v. Hasan*, 586 F.3d 161, 168 (2d Cir. 2009) (alteration and internal quotation marks omitted).

"When reviewing a sentence, we 'must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . or failing to adequately explain the chosen sentence.'" *United States v. Ahders*, 622 F.3d 115, 119 (2d Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Following a review for procedural error, "[w]e must then conduct a substantive review by evaluating the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a)." *Id.* (internal quotation marks omitted). "Although the brevity or length of a sentence can exceed the bounds of

'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005).

## B.

Phillip raises three main arguments relating to her procedural unreasonableness claim: (1) the District Court focused on the seriousness of her underlying crime, rather than on her breach of trust, as directed by the relevant Sentencing Commission policy statement, *see* U.S.S.G. ch. 7, pt. A intro. cmt. (3)(b) (explaining that probation violation proceedings sanction primarily a breach of trust, rather than violation conduct); (2) the District Court may not have correctly determined her Guidelines range;[1] and (3) the District Court did not give sufficient reasons for imposing an above-Guidelines sentence.

In raising the first claim, Phillip misunderstands the nature of a sentence for violation of probation. We have noted that "while a probation violation sentence plainly sanctions a defendant's breach of trust rather than [her] violation conduct, it is important not to lose sight of the fact that it does not sanction *only* the breach of trust. Rather, it resentences the defendant for the crime of conviction mindful that [she] has breached the trust placed in [her] by a probationary sentence." *Verkhoglyad*, 516 F.3d at 130 n.6. The District Court followed these precepts when sentencing Phillip for her probation violation. The nature and circumstances of Phillip's violation informed Judge Glasser's assessment of the severity of her breach of trust. Thus, the District Court noted that its original downward departure was based on Phillip's fraudulent assertion to the District Court that she had been working as a licensed nurse, and that Phillip's unauthorized practice as a nurse consisted "not just [of] violating the law," through identity theft and an illicit salary, but also of "[e]ndangering lives."

Likewise, we find no procedural error in the District Court's calculation of Phillip's Guideline range. As a general matter, we presume "that a sentencing judge has faithfully discharged her duty to consider the statutory factors [including the Guidelines range]." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). This presumption applies even if a district court does not reference the sentencing range. *See Verkhoglyad*, 516 F.3d at 129. Here, the District Court was informed of the 4 to 10 month Guidelines range in the probation violation report and even specifically acknowledged it during sentencing.

Third, Phillip argues that the District Court did not sufficiently explain its reasons for imposing an above-Guidelines sentence, as required by 18 U.S.C. § 3553(c)(2). In this case, the

---

[1] In support of this claim, Phillip also cites a statement by the District Court that her sentence was appropriate even if her Guidelines range for a violation of supervised release was only four to ten months.

District Court made an oral record at sentencing of its many reasons for departing from a Guidelines sentence, including the relative leniency of the two-year state court sentence; that the District Court had originally given Phillip a significant downward departure from the Guidelines range on her sentence based in part on misrepresentations by Phillip to the District Court; that Phillip had failed to make restitution payments; and that the nature of Phillip's violation involved identity theft, an illicit salary, and endangering the lives of patients. The District Court did not, however, memorialize the reasons for sentencing in the written order of judgment. In the past, we have recognized that a memorialization of sentencing reasons in the written order of judgment is the "better course," *Verkhoglyad*, 516 F.3d at 133 (internal quotation marks omitted). On these facts, we find no abuse of discretion in the District Court's decision to upwardly depart from the Guidelines in imposing sentence, but "we remand solely to permit the district court to amend its written judgment to satisfy the ministerial duty to memorialize its stated reasons for sentencing." *Id.* at 134.[2]

In sum, we find no merit to Phillip's argument that the District Court committed procedural error in its consideration of her violation conduct.

### C.

In pressing her substantive error claim, Phillip largely reiterates the prior arguments made, and addressed, with respect to her procedural error claim. Not surprisingly, we find these arguments without merit in the substantive error context for the reasons already discussed. We observe, moreover, that as applicable to Phillip, the Sentencing Guidelines contemplate that an upward departure in sentencing for a violation of supervised release may be warranted where a downward departure was granted at the sentencing for the underlying conviction. *See* U.S.S.G. § 7B1.4, app. note 4. Indeed, when sentencing a defendant for a probation violation, the District Court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." *United States v. Lewis*, 424 F.3d 239, 244 (2d Cir. 2005) (internal quotation marks omitted). In this case, Judge Glasser noted that the statutory maximum was "almost four years." On these facts, we find no abuse of discretion in the District Court's imposition of an 18-month sentence.

---

[2] Beyond clarifying the record in any individual case, "the requirement that the district judge provide a written statement of reasons for the sentence imposed [also] assists in the collection of data by the Bureau of Prisons and the Sentencing Commission." *United States v. Elbert*, 658 F.3d 220, 223 (2d Cir. 2011).

**CONCLUSION**

We have considered all of Phillip's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the November 17, 2011 judgment of conviction, including the sentence imposed by the District Court and we **REMAND** the action for the limited purpose of allowing the District Court to amend the written judgment to satisfy the ministerial duty to memorialize its stated reasons for imposing sentence, as required by 18 U.S.C. § 3553(c)(2).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk