13-1126-cr
United States v. Gist

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand fourteen.

PRESENT: CHESTER J. STRAUB,
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                          No. 13-1126-cr

GAMALE GIST, AKA JAMALE GIST,

*Defendant-Appellant.*

-------------------------------------------------------------------

FOR APPELLANT:     STEVEN Y. YUROWITZ, Newman & Greenberg, New York, NY.

FOR APPELLEE:     RAJIT S. DOSANJH, Assistant United States Attorney (Ransom P. Reynolds, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED. We REMAND only to allow the District Court to amend the Statement of Reasons ("SOR") in order to memorialize therein its orally stated reasons for imposing a term of supervisory release above the statutory minimum.

Defendant-appellant Gamale Gist appeals from the District Court's judgment of conviction entered March 13, 2013. On appeal, Gist argues that his fifteen-year term of supervised release is substantively unreasonable. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and remand in part.

1. <u>Substantive Reasonableness</u>

This Court reviews challenges to the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, <u>United States v. Verkhoglyad</u>, 516 F.3d 122, 127 (2d Cir. 2008), "tak[ing] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," <u>United States v. Cavera</u>, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Applying this

standard, we conclude that Gist's fifteen-year term of supervised release was not substantively unreasonable. As the District Court explained, the term of supervision reflected not only Gist's extensive criminal record, but also his repeated violations of the conditions of parole imposed as a result of a prior state conviction as well as his history of carrying and using weapons. The District Court acted within its discretion in determining that the fifteen-year term of supervised release was necessary for specific deterrence and to protect the public.

2. Limited Remand to Amend the Written Statement of Reasons

For the purposes of this appeal, we assume without deciding that the fifteen-year term of supervised release constituted an upward variance. Gist and the Government agree that the fifteen-year term of supervised release represented an upward variance from the recommended Guidelines range. See 21 U.S.C. § 841(b)(1)(B) (setting the applicable statutory minimum term of supervised release at eight years); U.S.S.G. § 5D1.2(c) (explaining that, under the Guidelines, the "term of supervised release imposed shall be not less than any statutorily required term of supervised release"). The District Court appears also to have understood that the fifteen-year term represented an upward variance. See App'x 38 ("[T]he Guidelines is eight years. So, obviously, it's an upward variance. I've put my reasons on the record as to why.").

Under 18 U.S.C. § 3553(c)(2), when a sentencing court imposes a sentence that varies from the Guidelines, it must state "the specific reason for the imposition of a sentence different" from that prescribed by the Commission and memorialize that reason in the SOR. See Verkhoglyad, 516 F.3d at 133. Although Gist complains on appeal that the District Court failed to provide any reason in

3

the SOR for the fifteen-year term, he failed to raise this argument before the District Court. Plain error review therefore applies. Id. at 133 n.8. There was no plain error here because the District Court's failure to memorialize the stated reasons for the fifteen-year term did not affect Gist's substantial rights. See id. at 133.

Nonetheless, we note that – in addition to the omission of the reasons for the supervised release term – the current SOR erroneously states that the applicable statutory minimum is ten years, as opposed to eight, despite the District Court's clear recognition at re-sentencing that the applicable mandatory minimum was eight years. We agree with the Government that a limited remand for purposes of amending the SOR, though not required here, is "the better course." Id. A complete and accurate SOR aids both the Bureau of Prisons, which "consults the written judgment of conviction, which may contain information relevant to a defendant's service of sentence," United States v. Hall, 499 F.3d 152, 155 (2d Cir. 2007), abrogated on other grounds by United States v. Elbert, 658 F.3d 220, 223 (2d Cir. 2011), and the Sentencing Commission, which "revis[es] the Guidelines to reflect the desirable sentencing practices of the district courts" in response to sentencing data, Rita v. United States, 551 U.S. 338, 382 (2007) (Scalia, J., concurring). We therefore remand for the limited purpose of allowing the District Court to amend the SOR to accurately reflect both the applicable eight-year statutory minimum term of supervised release and the reasons the District Court sentenced Gist to a fifteen-year term of supervised release.

We have considered Gist's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court

4

is hereby AFFIRMED.  We REMAND only to permit the District Court to correct the SOR.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court