12-3179-cr
United States v. Brass

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand thirteen.

Present:
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges*,
> WILLIAM K. SESSIONS III,
> > *District Judge*.*

_____

United States of America,

> *Appellee*,

v.                                                                       No. 12-3179-cr

Robin Bruhjell Brass,

> *Defendant–Appellant*.

_____

FOR APPELLANT:            ALEXANDER EISEMANN (Jonathan J. Einhorn, *on the brief*),
                          Law Office of Alexander Eisemann, New York, NY.

---

* The Honorable William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

1

FOR APPELLEE:          SUSAN L. WINES, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *of counsel*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant–Appellant Robin Bruhjell Brass appeals from a judgment filed July 31, 2012, sentencing her principally to 96 months' imprisonment. On appeal, Brass argues that her sentence was procedurally defective because the district did not give her notice of an alleged upward departure and that she was punished twice for the same conduct. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's sentencing decision for procedural and substantive reasonableness. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A sentencing decision is procedurally unreasonable when a district court "makes a mistake in its Guidelines calculation, does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Hsu*, 669 F.3d 112, 120 (2d Cir. 2012) (internal quotation marks and ellipses omitted); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district court's legal determinations de novo, *see Hsu*, 669 F.3d at 120, since interpretation of the Guidelines is a matter of law, *see United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008). We review the substantive reasonableness of a district court's sentence for abuse of discretion, and we take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. *United States v. Douglas*, 713 F.3d 694 (2d Cir. 2013)

2

(internal quotation marks omitted). We set aside a district court's sentence as substantively unreasonable only if affirming it "would . . . damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

First, Brass contends that her above-Guidelines sentence was procedurally defective because the sentencing judge did not give advance notice of a contemplated upward departure under Federal Rule of Criminal Procedure 32(h). We disagree. Rule 32(h) requires that "before a district court can depart upward on a ground not identified as a ground for departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling." *Burns v. United States*, 501 U.S. 129, 138 (1991). However, the Supreme Court has held that this notice rule applies only to departures under the Guidelines, not variances, because the Guidelines are advisory and "neither the Government nor the defendant may place the same degree of reliance on the type of 'expectancy' that gave rise to a special need for notice in *Burns*." *Irizarry v. United States*, 553 U.S. 708, 713-14 (2008).

Here, the district court based its decision on a careful consideration of the § 3553(a) factors. Although at times the district court used the term "departure," the court unequivocally stated in its decision that "[t]he Court imposes a non-Guidelines sentence." Indeed, Brass too confusedly refers to the sentence as "[a] non-Guidelines sentence of 96 months" on the first page of her brief, before also referring to it as an upward departure. Nonetheless, even though the district court used both "departure" and "variance" to describe its sentence, inconsistently applied terminology in this case is not a basis for finding error and the record is clear that the sentence was a variance. *See United States v. Keller*, 539 F.3d 97, 100 (2d Cir. 2008) (noting

that while the court used both "departure" and "variance" to describe its sentence, it was clear from the record that the sentence was a variance, and stating that "[w]e see no error whatsoever in the District Court's use of the framework and terminology of the Guidelines in the course of exercising its variance discretion"). As a result, Brass's argument necessarily fails because a district court is not required to give a defendant advance notice of its intention to impose an upward variance.

Brass next argues that the district court effectively "punished [her] twice for the same conduct" when it both assessed enhancements for loss, abuse of trust, vulnerable victim, and obstruction of justice in calculating the Guidelines range and relied on similar aspects of her criminal conduct in deciding to impose an above-Guidelines sentence. This argument is unavailing. In affirming an upward departure in a case similar to this one, we held that while the Guidelines may "adequately consider[] the *kind* of harm suffered" such as "the loss of substantial assets by an individual," they do not necessarily "adequately consider[] the *degree* of harm." *United States v. Kaye*, 23 F.3d 50, 53 (2d Cir. 1994) (discussing how enhancements for extent of financial loss, abuse of trust, and vulnerable victim do not always properly consider the degree of harm or consequences of the criminal conduct). In *Kaye,* we rejected a defendant's argument that the district court had double-counted the harm to the victim in assessing enhancements for loss, abuse of trust, and vulnerable victim and also assessing a two-level upward departure for the degree of harm the fraud caused the victim. *Id.* We find this logic equally persuasive in a case such as this one where an upward variance was based on the degree of harm, even though such factual predicates may also have served as the basis for the assessment of enhancements for the kind of harm considered in computing the offense level.

4

Here, the district court made clear that it believed the case to be "extraordinary by any measure" due to the harm to numerous victims. Indeed, the district court believed that the "remarkably brazen criminal conduct" was "conscience shocking," noting with specific detail and reference to facts precisely why it believed the Guidelines insufficient. These factors included that Brass had stolen from more than ten victims but had not received an enhancement to that effect, that the victims suffered an extraordinary degree of harm, that Brass continued to hold herself out as a legitimate investment professional and posed a high likelihood for reoffense, that Brass continued to steal when she knew the severity of the consequences and her own inability to repay, and that she even stole after she knew law enforcement was investigating her fraud. On this record, we do not find the non-Guidelines sentence to be unreasonable.

We note also that, prior to oral argument, Brass filed a motion urging us to permit her to file a supplemental brief and to defer decision in this appeal until she had filed, and the district court had decided, a motion under 28 U.S.C. § 2255 asserting ineffectiveness of trial counsel. We denied the motion to hold the appeal in abeyance and deferred deciding whether to permit supplemental briefing. Brass stated at oral argument that she no longer found it necessary to file a supplemental brief. We therefore **DENY** that motion. Brass did, however, further intersperse her oral argument with suggestions, both implicit and explicit, that we reconsider our denial of her motion to hold this appeal in abeyance given her desire to file a section 2255 motion. We decline to do so and note that our disposition does not prejudice her filing such a motion in the future. We express no opinion regarding the merits of any such motion that may be forthcoming.

We have considered all of Brass's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk