12-1644-cr(L), 12-1654-cr(CON)
United States v. Moore

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

     <u>Appellee</u>,

     -v.-          Nos. 12-1644-cr(L), 12-1654-cr(CON)

NAQUAN HORNE, also known as Vincent Horne, CHRISTOPHE LEE, also known as Christopher Lee, WAYNE SCOTT,

     <u>Defendants</u>,

     <u>and</u>

KENNETH MOORE

     <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

1

**FOR DEFENDANT-APPELLANT:** STEVEN Y. YUROWITZ, New York, NY.

**FOR APPELLEE:** ANDREA L. SURRATT (Brent S. Wible, on the brief) for Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.  We **REMAND** only to allow the district court to amend the Statement of Reasons ("SOR") in order to memorialize therein its orally stated reasons for imposing the sentence, as required by 18 U.S.C. § 3553(c)(2).

Kenneth Moore appeals from the district court's sentence of 120 months' imprisonment for Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and two counts of possession of a firearm as a felon.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

1.  Fed. R. Crim. P. 32(h).  Federal Rule of Criminal Procedure 32(h) provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such

2

a departure.  The notice must specify any ground on which the court is contemplating a departure.

Rule 32(h)'s notice requirement applies only to "departures," not to "variances."  See Irizarry v. United States, 553 U.S. 708, 714-16 (2008).  "While the terms . . . are often used interchangeably to describe deviations from the recommended Guideline range, . . . a 'departure' refers to a decision by the District Court to impose a sentence outside the otherwise applicable Sentencing Guidelines range *pursuant to a provision of the Guidelines*.  A 'variance,' on the other hand, describes the District Court's *power pursuant to 18 U.S.C. § 3553(a) to impose a sentence outside of the otherwise applicable Guidelines range*, which we call a 'non-Guidelines sentence.'"  United States v. Keller, 539 F.3d 97, 99 n.2 (2d Cir. 2008) (emphasis added) (citations omitted).

Because Moore did not object at sentencing, we consider whether there was "(1) [an] 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'"  Johnson v. United States, 520 U.S. 461, 466-67 (1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).  "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public

3

reputation of judicial proceedings.'" Id. (quoting Olano, 507 U.S. at 732 (other internal quotation marks omitted)). Moore's claims do not withstand plain error review.

The district court alluded to "departure" twice during the sentencing hearing, and never used the word "variance." Viewed in context, however, it is clear enough that the court was imposing a non-Guidelines sentence. See Keller, 539 F.3d at 100 ("While the record shows that the District Court used both 'departure' and 'non-[G]uideline[s] sentence' to describe the sentence it imposed, it is also clear from the record that the District Court relied on its power under § 3553(a)--and not on any Guidelines provision-- as a basis for the seven-level 'departure.'").

The context is as follows: At sentencing, the Judge never mentioned a specific Guidelines provision that would support a departure; she explained more than once that the Guidelines were advisory, that she had discretion to sentence Moore up to the statutory maximum, and that the advisory range was too low; she emphasized the importance of the § 3553 factors, including Moore's offense conduct and criminal history, and the need for deterrence and rehabilitation; she observed that Moore's statement of remorse induced her to reduce her sentence, and was "actually down by over a year from where I started out this

4

morning." These circumstances all confirm that she was imposing a non-Guidelines sentence rather than implementing unspecified departures.

The court did check off three specific departures in its SOR. But the court also checked off boxes in a section dedicated to a non-Guidelines sentence. The overall intent of the SOR is therefore ambiguous. However, "[i]t is well settled, as a general proposition, that in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls." United States v. Rosario, 386 F.3d 166, 168 (2d Cir. 2004). Because the sentencing hearing, in context, reflects an intention to impose a non-Guidelines sentence, that intention obviates the SOR's inconsistencies.

The district court's "clarification" hearing, held two days after Moore filed notice of appeal, removed any doubt. Judge Forrest explained that her references to "departure" were mistaken and that she intended a non-Guidelines sentence. "While an effective notice of appeal does divest the district court of its control over those aspects of the case involved in the appeal, a district court still may act in aid of the appeal." United States v. Nichols, 56 F.3d 403, 411 (2d Cir. 1995) (internal quotation marks omitted). Nichols allowed a "district court [to] *simply clarif[y]* . .

5

. its finding . . . , thereby *aiding this court in avoiding unnecessary construction of a statute and a possible remand, the outcome of which would have been a foregone conclusion.*" Id. (emphasis added).  As in Nichols, the court acted to clarify an ambiguous ruling and to avoid an unnecessary remand premised solely on that ambiguity.

In any event, the hearing reconfirms what is already clear from a contextual reading of the sentencing hearing transcript: Judge Forrest intended a variance.  Therefore, the lack of Rule 32(h) notice did not constitute plain error.

At the same time, however, the stated sentencing reasons are not memorialized in the SOR, as required by 18 U.S.C. § 3553(c)(2).  "'[W]hile a remand to the district court solely for the purpose of complying with section 3553(c)(2) will not result in any change in the conviction or sentence[,] . . . a written statement of reasons is beneficial because the Bureau of Prisons consults the written judgment of conviction, which may contain information relevant to a defendant's service of sentence.'" United States v. Verkhoglyad, 516 F.3d 122, 133-34 (2d Cir. 2008) (quoting United States v. Hall, 499 F.3d 152, 154-55 (2d Cir. 2007)).  Accordingly, although we do not identify any procedural error warranting resentencing, we remand for

6

the district court to file with the U.S. Sentencing Commission a revised SOR to comply with 18 U.S.C. § 3553(c)(2) and 28 U.S.C. § 994(w)(1)(B).

2. Substantive Reasonableness. "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion. Thus, when we determine whether a sentence is reasonable, we ought to consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006) (internal quotation marks and citation omitted); see also United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009) (reasonableness review is "deferential to district courts and provide[s] relief only in the proverbial 'rare case'" that "damage[s] the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law").

The district court's sentence of 120 months' imprisonment was by no means "shockingly high," "unsupportable as a matter of law," or beyond the bounds of discretion. Moore's history reflects multiple robberies and instances of firearm possession. He participated in a

7

robbery in which guns were aimed at two victims, one an infant.  The Pre-Sentence Report indicates multiple incidents of misconduct while Moore was housed at the detention complex and awaiting conviction.

Judge Forrest's evaluation of the sentencing factors was reasonable.  There is no reason to disturb the sentence on appeal.

We have considered all of Moore's remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.  We remand only to permit the district court to correct the SOR.

```
                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK
```