*United States v. Nicholas Medina*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand eighteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
            GUIDO CALABRESI,
            RAYMOND J. LOHIER, JR.
                        *Circuit Judges*.

─────────────────────────────────────────────────

UNITED STATES OF AMERICA,

                    *Appellee*,

                    v.                                              No. 17-1696

DERRICK REED, AKA Ice,

                    *Defendant*,

NICHOLAS MEDINA, AKA French, AKA Needles,

                    *Defendant-Appellant*.

─────────────────────────────────────────────

For Appellee:                    Emily Berger and Andrey Spektor, Assistant United States
                                 Attorneys, *for* Richard P. Donoghue, United States
                                 Attorney for the Eastern District of New York, Brooklyn,
                                 New York.

For Defendant-Appellant:        Joseph F. Kilada, Law Offices of Joseph K. Kilada, P.C., Garden City, New York.

Appeal from a judgment of conviction of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Nicholas Medina appeals from a judgment of conviction entered on May 26, 2017 by the United States District Court for the Eastern District of New York (Kuntz, *J.*) sentencing him principally to twenty-four months of imprisonment and two years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Medina was sentenced by the district court to an above-guidelines sentence of twenty-four months' imprisonment after pleading guilty to one count of conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(b)(1)(D) and 21 U.S.C. § 846. Medina argues that the district court's sentence is procedurally unreasonable because the district court failed to (1) provide adequate notice before making an upward "departure" under the Guidelines, (2) find that the uncharged criminal conduct it considered at sentencing was related, and (3) establish that conduct by a preponderance of the evidence.

Because Medina did not raise any of these objections at sentencing, we review the district court's decision for plain error. A showing of plain error requires that: "'(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial

proceedings.'" *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

*First*, Medina was not entitled to reasonable notice of the above-guidelines sentence because the district court's sentence was a variance, not an upward departure. *See Irizarry v. United States*, 553 U.S. 708, 714-16 (2008); *United States v. Stewart*, 590 F.3d 93, 137 n.32 (2d Cir. 2009) (explaining the difference between a variance and a departure); Fed. R. Crim. P. 32(h) ("Before the court may *depart* from the applicable sentencing range . . . the court must give the parties reasonable notice that it is contemplating such a departure." (emphasis added)). Although the district court generally used the term "departure" rather than "variance," the district court "based its decision on a careful consideration of the § 3553(a) factors." *United States v. Brass*, 527 F. App'x 70, 72 (2d Cir. 2013). Therefore, the decision should be deemed an upward variance. *See United States v. Keller*, 539 F.3d 97, 100 (2d Cir. 2008) (the use of the term "departure" is not conclusive). Moreover, even if the sentence were an upward departure, the district court did not err because Medina had adequate notice of the departure and the uncharged criminal conduct on which it was based. Adequate notice may come "either in the presentence report or in a prehearing submission by the Government." *Burns v. United States*, 501 U.S. 129, 138 (1991), *abrogated on other grounds by Dillon v. United States*, 560 U.S. 817 (2010). The government's detention memorandum and sentencing letter both put the defendant on notice of the government's intention to seek a sentence of twenty-four months' imprisonment and the basis for that request. The presentence report similarly recited the uncharged criminal conduct and noted that it could be a basis for departure under U.S.S.G. § 5K2.21.

*Second*, the district court did not err in considering the uncharged criminal conduct regardless of whether the sentence was a variance or an upward departure. If it was a variance,

3

then there was "[n]o limitation . . . on the information concerning the background, character, and conduct" that could be considered at sentencing. 18 U.S.C. § 3661; *see also United States v. Reese*, 33 F.3d 166, 174 (2d Cir. 1994) ("[W]hen determining [a] sentence, a sentencing court is free to consider . . . evidence of uncharged crimes."). If, on the other hand, the sentence was an upward departure, based on U.S.S.G. § 5K2.21, the uncharged conduct must "relate in some way to the offense of conviction." *United States v. Kim*, 896 F.2d 678, 684 (2d Cir. 1990) (stating the relationship required between uncharged conduct and the offense of conviction under U.S.S.G. § 5K2.0); *United States v. Bolden*, 368 F.3d 1032, 1035 (8th Cir. 2004) (explaining that § 5K2.21 resolved an inter-circuit conflict as to whether conduct underlying a charge dismissed as part of a plea agreement could be considered under § 5K2.0). The uncharged conduct here – firearm possession, threats of violence, and a planned robbery – was connected to the offense of conviction because both were related to Medina's participation in a gang.

*Third*, and finally, the district court did not fail to make an appropriate evidentiary finding regarding the uncharged conduct it considered at sentencing, all of which was described in the presentence report. A sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A); *United States v. Rizzo*, 349 F.3d 94, 99 (2d Cir. 2003) ("[I]f a defendant fails to challenge factual matters contained in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal."). Medina did not object to any portion of the presentence report. In addition, Medina told the district judge that he had sufficient time to review all the sentencing documents, which included the presentence report, the government's letter, and the Facebook messages and posts attached to that letter, which evidenced the conduct outlined in the presentence report. Having

4

received no objections from Medina, the district court did not err in adopting this portion of the presentence report as a finding of fact.

We have considered all of Medina's remaining contentions and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5