21-1951-cr
*United States v. Ryan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty-two.

PRESENT:  REENA RAGGI,
               JOSEPH F. BIANCO,
               SARAH A. L. MERRIAM,

                   *Circuit Judges.*

---

United States of America,

        *Appellee,*

       v.                                     21-1951-cr

Aysia Ryan,

        *Defendant-Appellant.*[*]

---

FOR APPELLEE:                   BRENDAN KEEFE, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT:      DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT.

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 30, 2021 judgment of the district court is **AFFIRMED**.

Defendant Aysia Ryan, who pleaded guilty to one count of conspiracy to transport and possess stolen property, *see* 18 U.S.C. § 371, based on her participation in "grab-and-go" thefts across New York and New England, appeals her 36-month prison sentence as procedurally and substantively unreasonable given her 24–30 month advisory Sentencing Guidelines range. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Procedural Reasonableness

Although the procedural reasonableness of a sentencing is typically reviewed for abuse of discretion, we apply the still more deferential plain error standard to Ryan's claims because she did not raise them before the district court. *See United States v. Williams*, 998 F.3d 538, 540 (2d Cir. 2021) (articulating standard). A district court commits procedural error if, among other reasons, it "'selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence[,]'" *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (quoting *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013)), particularly one "'deviat[ing] from the Guidelines range.'" *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Ryan alleges that her sentence was procedurally unreasonable because the district court: (1) relied on a clearly erroneous fact in imposing the sentence; (2) failed to provide reasonable notice of a Guidelines departure as required under Federal Rule of Criminal Procedure 32(h); and

(3) punished her twice for the same conduct in imposing an above-Guidelines sentence. We address each argument in turn and conclude that there was no plain procedural error.

A. Factual Findings Regarding Reckless Endangerment

Ryan argues that the district court increased her sentence based upon a clearly erroneous factual finding that she drove the getaway car that dragged a store employee from the scene of the August 27, 2020 theft. It is uncontroverted that Ryan was a passenger in the vehicle during that theft. This does not manifest plain error because in applying a two-level enhancement for "reckless endangerment during flight" under U.S.S.G. § 3C1.2 and in considering "the nature and circumstances of the offense" under 18 U.S.C. § 3553(a)(1), the district court made clear that it was referencing two offenses (a theft at one store and attempted theft at another) that occurred the following day (on August 28), during which Ryan was the getaway driver, distinct from the August 27 theft. Specifically, the district court relied upon the following undisputed facts: (1) during the first August 28 theft in South Windsor, Ryan drove the getaway car and struck an employee's hand with the car's side mirror;[1] and (2) in another attempted theft later that day in Glastonbury, Ryan was again driving the getaway car when she hit a police car and another parked car as she fled from the police. *See* App'x at 82, 109.

Ryan notes that, in a subsequent discussion of the dangerousness factor during its explanation of the sentence, the district court stated that "[o]bviously, a person who drags another person with a car or puts a car in gear when someone is standing in front of it, is a person from

---

[1] At the sentencing, the victim of this incident explained that, as he went around the front of the getaway car to attempt to retrieve the stolen merchandise from Ryan and her co-conspirators, the following occurred: "I was looking at [Ryan] in her eyes, and she was looking at me, and put the car into drive. And I said to myself, I better move and get away from the front of the car. And I stood to the side of the car. Had she sped off and I'd be standing still in front of that car, I may not be here today talking about this." App'x at 98–99. The Pre-Sentence Report ("PSR") also indicated that after this incident, police following Ryan when she began to swerve the vehicle in a residential area terminated their pursuit due to safety concerns.

3

whom the public needs to be protected." *Id.* at 111. In light of the district court's detailed discussion of the two August 28 incidents and not the August 27 theft as support for the § 3C1.2 enhancement, we do not construe this statement as a finding that the defendant was the driver (rather than a passenger) when the victim was dragged by the getaway car during that theft. Given the content (including the use of the disjunctive) and context, this reference is more reasonably understood to remark on the dangerous conduct of the conspiracy as a whole, which included Ryan's participation in the August 27 theft (even though she was not the driver on that occasion) and her participation in the August 28 offenses (where she was the driver). In short, Ryan has failed to show that there was a plain error related to the district court's factual findings with respect to her reckless conduct and its reliance on that conduct in determining the appropriate sentence.

B. Rule 32(h)

Ryan faults that the district court departed upward from her 24–30 month Sentencing Guidelines range without providing the notice required by Federal Rule of Criminal Procedure 32(h). The argument fails because the district court's 36-month sentence reflected a *variance* from the Guidelines range which, unlike a *departure*, does not require Rule 32(h) notice. *See Irizarry v. United States*, 553 U.S. 708, 714 (2008); *see also United States v. Keller*, 539 F.3d 97, 99 n.2 (2d Cir. 2008) (noting that terms "departure" and "variance" "are often used interchangeably" but nonetheless are distinct).

We have repeatedly explained that a "departure . . . refers only to non-Guidelines sentences imposed on the basis of factors *within* the framework set out in the Guidelines, whereas a variance is a modification of the applicable Guidelines sentence that a District Court may find justified under . . . sentencing factors *extrinsic* to the Guidelines—namely, those set forth in 18 U.S.C. § 3553(a)." *United States v. Sealed Defendant One*, 49 F.4th 690, 697 (2d Cir. 2022) (internal

4

quotation marks and citation omitted). Here, although the district court used the term "upward departure" at one point during its explanation of the reasons for the above-Guidelines sentence, App'x at 112, as in our recent decision in *Sealed Defendant One*, the record "makes clear that the district court relied on the section 3553(a) factors in imposing an above-Guidelines sentence," rather than an upward departure under the Guidelines, 49 F.4th at 697.

After calculating the applicable Guidelines range the district court did not mention any consideration of an enumerated ground for an upward departure under the Guidelines, nor were any discussed by the parties. Instead, in determining the appropriate sentence, the district court evaluated the Section 3553(a) factors. The district court considered: the "aggressive and violent" nature of the offenses; "[t]he emotional, physical, and financial harm done to the victims"; Ryan's role as the driver on "two occasions"; "[h]er history and characteristics"; that she had "suffered no meaningful consequence" for "an almost unfathomable number of prior convictions"; and the sentence's "specific and general deterrence" purposes. App'x at 109–11. On this record, the district court's passing reference to a "departure" on one occasion at the end of its detailed discussion of the Section 3553(a) factors does not transform a clear *variance* from the applicable Guidelines range based upon those factors into an unspecified upward *departure* that would require notice under Rule 32(h). *See, e.g.*, *Keller*, 539 F.3d at 100 ("While the record shows that the District Court used both 'departure' and 'non-[G]uideline[s] sentence' to describe the sentence it imposed, it is also clear from the record that the District Court relied on its power under § 3553(a)—and not on any Guidelines provision—as a basis [for its sentence]."); *accord United States v. Horne*, 552 F. App'x 44, 45–46 (2d Cir. 2014); *United States v. Brass*, 527 F. App'x 70, 72 (2d Cir. 2013). Indeed, the district court confirmed in its written statement of reasons that the above-Guidelines sentence was a variance by indicating that it had imposed a sentence otherwise

5

outside the sentencing guideline system (*i.e.*, variance) and completing the specific section where the district court delineates which Section 3553(a) factors supported the variance.

In sum, we are left with no doubt on this record that the district court's above-Guidelines sentence was based on the Section 3553(a) factors, rather than any upward departure within the Guidelines system. Accordingly, as a variance, this sentence was not subject to Rule 32(h)'s notice requirement.

C. Articulated Reasons for the Variance

Ryan further argues that the district judge erroneously increased her sentence above the Guidelines range based on "the exact same conduct" used in applying the § 3C1.2 reckless endangerment enhancement. Appellant's Br. at 18.

We find this "impermissible double-counting" argument unpersuasive. *Id.* As long as the district court sufficiently articulates its reasoning, it may deviate from the Guidelines range where a sentencing enhancement "bears on the context in which the [conduct] occurred, [but] not on the relative severity of [a defendant's] conduct or its actual consequences." *Sealed Defendant One*, 49 F.4th at 698; *see also United States v. Sindima*, 488 F.3d 81, 87 (2d Cir. 2007), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020) (noting that district courts may "impose[] a non-Guidelines sentence based upon section 3553(a) factors already accounted for in the Guidelines range").

Here, the district court determined that an above-Guidelines sentence was warranted based on Ryan's reckless endangerment conduct during the thefts that the Guidelines enhancement did not fully capture. Specifically, although the enhancement applies for reckless endangerment of one person on a single occasion, the district court emphasized that here Ryan was "[t]he reckless driver of a vehicle *on two occasions* where the life and the physical and emotional well-being of

6

other individuals were utterly disregarded . . . ." App'x at 109 (emphasis added). Moreover, during those two incidents, Ryan's conduct endangered individuals not only at the scene of the crimes but also created further risk to others in her effort to avoid arrest by the police by weaving through traffic and ramming both a police car and another parked car. Further, the reckless endangerment enhancement applies even when there is no actual harm. But here the district court found physical harm: following the South Windsor theft, Ryan put the car in gear with a store employee standing in front of it and struck a victim's hand as she pulled away. The district court emphasized that Ryan specifically engaged in "aggressive and violent" conduct that "put the very lives and well-being of the victims of these offenses, particularly those who were put in direct physical threat and who were physically harmed[,] in potentially grave danger." *Id.* at 109.

Thus, the district court adequately explained why Ryan's reckless conduct was different from an ordinary case covered by the Guidelines enhancement and did not procedurally err in relying on that same conduct in imposing a sentence above the Guidelines range.

## II. Substantive Reasonableness

It is well established that "when conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190 (citing *Rita v. United States*, 551 U.S. 338, 354 (2007)). Therefore, we review the substantive reasonableness of "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41. Under that standard, we find an abuse of discretion by the sentencing court only when the sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of

7

justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citation omitted).

Ryan's 36-month sentence, which was six months above the high-end of a 24–30 month Guidelines range, was not substantively unreasonable. Ryan was involved in 23 "grab-and go" retail thefts, resulting in losses of over $40,000 attributable directly to her. As the district court emphasized, Ryan's conduct placed the lives and well-being of others in danger and it was "imperative that the Court impose a sentence that reflects the seriousness of the dangerous offenses she committed, offenses which were harmful, physically and emotionally and financially harmful to other people." App'x at 110. Moreover, Ryan had a lengthy criminal history and the district court noted that the "leniency shown to the defendant in the past has been utterly disrespected and treated as a ticket to break the law, a license to break the law." *Id.* Thus, the district court explained the need for the sentence to, *inter alia*, protect the public, as well as deter the defendant and others from engaging in this type of criminal conduct. Given the factors identified by the district court, 36 months' imprisonment was not "shockingly high," *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted), but rather was "within the range of permissible decisions" based on the facts presented at sentencing, *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (internal quotation marks and citation omitted). Accordingly, we conclude that the sentence was substantively reasonable.

\* \* \*

We have considered all of Ryan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court